# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-------------------------------------------------------x
                                          :
In re                                     : Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                : Case No. 13-53846
                                          :
                              Debtor.     : Hon. _____
                                          :
                                          :
-------------------------------------------------------x
```

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER (A) DIRECTING AND APPROVING FORM OF NOTICE OF COMMENCEMENT OF CASE AND MANNER OF SERVICE AND PUBLICATION OF NOTICE AND (B) ESTABLISHING A DEADLINE FOR OBJECTIONS TO ELIGIBILITY AND A SCHEDULE FOR THEIR CONSIDERATION

The City of Detroit, Michigan (the "City") hereby moves the Court,

pursuant to sections 105, 921 and 923 of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 2002, 9007 and 9008 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Local

Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local

Rules"), for the entry of an order:[1] (a) approving the proposed form of notice of

---

[1] This Motion includes certain attachments that are labeled in accordance with Local Rule 9014-1(b)(1). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as <u>Exhibit 1</u>. A summary identifying each included attachment by exhibit number is appended to this Motion.

commencement of this case pursuant to section 923 of the Bankruptcy Code, a copy of which is attached hereto (the "Notice of Commencement"), and the manner of service and publication of the Notice of Commencement; and (b) setting a deadline for the filing of any motions, objections or other filings contesting the City's eligibility to obtain relief under chapter 9 of the Bankruptcy Code (any such filing, an "Eligibility Objection") and establishing a schedule for the Court's consideration of any Eligibility Objections.  In support of this Motion, the City respectfully represents as follows:

## Background

1.      Incorporated in 1806, Detroit is the largest city in Michigan. As of December 2012, the City had a population of less than 685,000 (down from a peak population of nearly 2 million in 1950).

2.      Over the past several decades, the City has experienced significant economic challenges that have negatively impacted employment, business conditions and quality of life.  These challenges include, among other things, (a) a contraction of its historic manufacturing base, (b) a declining population, (c) high unemployment, (d) an erosion of the City's income and property tax bases, (e) a reduction in state revenue sharing and (f) a lack of adequate reinvestment in the City and its infrastructure.

3. As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities). Excluding the proceeds of debt issuances, the City has incurred large and unsustainable operating deficits for each of the past six years. As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237.0 million. Excluding the impact of a recent debt issuance, this represents an increase of approximately $47.4 million over fiscal year 2012.

4. On February 19, 2013, a review team appointed by Rick Snyder, Governor of the State of Michigan (the "Governor"), pursuant to Public Act 72 of 1990, the Local Government Fiscal Responsibility Act, MCL § 141.1201, et seq. ("PA 72"), issued its report with respect to the City and its finances (the "Review Team Report"). The Review Team Report concluded that a local government financial emergency exists within the City.

5. On March 14, 2013, in response to the Review Team Report and the declining financial condition of the City and at the request of the Governor, the Local Emergency Financial Assistance Loan Board of the State of Michigan

appointed Kevyn D. Orr as emergency financial manager with respect to the City under PA 72, effective as of March 25, 2013.

6.     On March 28, 2013, upon the effectiveness of Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"), Mr. Orr became, and continues to act as, emergency manager with respect to the City under PA 436 (in such capacity, the "Emergency Manager"). Pursuant to PA 436, the Emergency Manager acts "for and in the place and stead of the governing body and the office of chief administrative officer" of the City. MCL § 141.1549.  In addition, the Emergency Manager acts exclusively on behalf of the City with respect to the filing of a case under chapter 9 of the Bankruptcy Code upon receiving authorization from the Governor.  MCL § 141.1558.

7.     On July 18, 2013, the Governor issued his written decision (the "Authorization") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of the Bankruptcy Code. Thereafter, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order").  True and correct copies of the Approval Order and the Authorization are attached as Exhibit A to the Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, filed contemporaneously with this Motion.

8.    In accordance with the Authorization and the Approval Order, on July 18, 2013 (the "<u>Petition Date</u>"), the City commenced a case under chapter 9 of the Bankruptcy Code.  Additional details regarding the City and the events leading to the commencement of this chapter 9 case are set forth in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "<u>Orr Declaration</u>"), filed contemporaneously with this Motion.

## Jurisdiction

9.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10.    The City requests that the Court enter an order, pursuant to sections 105(a), 923 and 924 of the Bankruptcy Code and Bankruptcy Rules 2002(m), 9007 and 9008:  (a) approving the form and manner of service and publication of the Notice of Commencement; and (b) setting a deadline of 4:00 p.m., Eastern Time, on August 19, 2013 (the "<u>Eligibility Objection Deadline</u>"), a date that is 32 days after the Petition Date in this chapter 9 case, for

the filing of Eligibility Objections and establishing procedures for their

consideration.

## Basis for Relief

11.     Section 923 of the Bankruptcy Code provides as follows:

> There shall be given notice of the commencement of a
> case under this chapter, notice of an order for relief under
> this chapter, and notice of the dismissal of a case under
> this chapter.  Such notice shall also be published at least
> once a week for three successive weeks in at least one
> newspaper of general circulation published within the
> district in which the case is commenced, and in such
> other newspaper having a general circulation among
> bond dealers and bondholders as the court designates.

11 U.S.C. § 923.  The notice requirement of section 923 of the Bankruptcy Code is

intended to serve the requirements of due process.  See 6 COLLIER ON

BANKRUPTCY ¶ 923.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev.);

see also Yohn v. Coleman, 639 F. Supp. 2d 776, 788 (E.D. Mich. 2009)

("The fundamental elements of procedural due process are notice and

an opportunity to be heard.") (quoting Yellow Freight Sys., Inc. v. Martin,

954 F.2d 353, 357 (6th Cir. 1992)); Schaefer v. Tannian, 164 F.R.D. 630, 636

(E.D. Mich. 1996) ("[A]n elementary and fundamental requirement of due process

in any proceeding which is to be accorded finality is notice reasonably calculated,

under all the circumstances, to apprise interested parties of the pendency of the

action and afford them an opportunity to present their objections.") (quoting

<u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950).

***The Proposed Form, Service and Publication of the Notice of Commencement Satisfies the Requirements of Section 923 of the Bankruptcy Code***

12.     Bankruptcy Rule 2002(m) provides that:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).

13.     Bankruptcy Rule 9007 similarly provides that:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.  When feasible, the court may order any notices under these rules to be combined.

Fed. R. Bankr. P. 9007.

14.     Pursuant to Bankruptcy Rules 2002(m) and 9007, the City

seeks the Court's approval of the proposed form of the Notice of Commencement.

In accordance with the requirements of section 923 of the Bankruptcy Code,

the City prepared the Notice of Commencement to advise parties of the

commencement of the City's chapter 9 case.  The Notice of Commencement

provides due and proper notice of:  (a) the commencement of the case;

(b) the opportunity for parties in interest to file Eligibility Objections;

(c) the automatic stay, as it applies in chapter 9 (the "Chapter 9 Stay");[2] and

(d) the Emergency Manager's continued authority to act exclusively on behalf of the City pursuant to section 904 of the Bankruptcy Code.[3] The Notice of Commencement further provides that, if no Eligibility Objection is filed prior to the Eligibility Objection Deadline, or if the Court overrules all Eligibility Objections filed with respect to the City's petition, the Notice of Commencement will constitute notice of entry of the order for relief in this chapter 9 case.[4] The Notice of Commencement thus satisfies the requirements of section 923 for notice of commencement of this chapter 9 case and, if no Eligibility Objections are filed or all such objections are overruled, notice of the entry of an order for relief.

15. Contemporaneously with this Motion, the City has filed (a) a motion seeking the appointment of Kurtzman Carson Consultants LLC as

---

[2] Contemporaneously with the filing of this Motion, the City will file motions seeking discrete orders (a) confirming the application of the Chapter 9 Stay, among other Bankruptcy Code protections; and (b) extending the Chapter 9 Stay to certain other parties.

[3] See section 18(1) of PA 436 (the Emergency Manager acts exclusively in the City's behalf in any case under chapter 9).

[4] See, e.g., In re City of Stockton, Cal., No. 12-32118 (Bankr. E.D. Cal. July 10, 2012) (order deeming notice of commencement to constitute notice of the order for relief if no objections are filed); In re Jefferson Cnty., Ala., No. 11-05736 (Bankr. N.D. Ala. Nov. 11, 2011) (order providing that the notice of commencement would constitute notice of the order for relief if no timely and proper objections were filed or all such objections were overruled). Copies of these unreported orders are attached hereto collectively as Exhibit 6.2.

claims, noticing and balloting agent in this chapter 9 case (the "Proposed Noticing Agent") and (b) a list of potential creditors pursuant to section 924 of the Bankruptcy Code (the "Creditor List"). The City proposes that, pursuant to Bankruptcy Rules 2002(m) and 9007, the Court direct the Proposed Noticing Agent to mail a copy of the Notice of Commencement to each party identified on the Creditor List within three business days after the entry of an order approving this Motion.

16.     The City also proposes to publish the Notice of Commencement, consistent with the requirements of section 923 of the Bankruptcy Code. Bankruptcy Rule 9008 provides that:

> Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications.

Fed. R. Bankr. P. 9008.

17.     The City proposes to publish the Notice of Commencement once a week for three consecutive weeks in the *Detroit Free Press*, which is a "newspaper of general circulation published within the district in which the case is commenced." 11 U.S.C. § 923. The first such publication would occur within five business days after the entry of an order approving this Motion, or as soon thereafter as is practicable. Publication in the *Detroit Free Press* will provide

reasonable notice of the case to residents of the City and its surrounding communities.

18. The City also proposes to publish the Notice of Commencement once a week for three consecutive weeks in *The Bond Buyer*, which is a "newspaper having a general circulation among bond dealers and bondholders." Id. The first such publication would occur within five business days after the entry of an order approving this Motion, or as soon thereafter as is practicable. Publication in *The Bond Buyer* will provide reasonable notice to holders and dealers of the bonds issued by the City that may be affected by the City's chapter 9 case. In addition, the City intends to post the Notice of Commencement on the Electronic Municipal Market Access database at www.emma.msrb.com, which will provide further notice to bondholders.

19. Based on the foregoing, the City submits that publication and mailing of the Notice of Commencement in the manner described above is appropriate to serve the purposes of section 923 of the Bankruptcy Code and will provide sufficient notice to all parties in interest of the City's chapter 9 case.

***The Fixing of the Eligibility Objection Deadline is in the Best Interests of the City and its Creditors and All Other Parties in Interest***

20. Section 921 of the Bankruptcy Code provides in part as follows:

(c)     After any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title.

(d)     If the petition is not dismissed under subsection (c) of this section, the court shall order relief under this chapter notwithstanding section 301(b).

11 U.S.C. § 921.

21.     Section 921 of the Bankruptcy Code thus contemplates the possibility of Eligibility Objections but does not fix any deadline for the filing of such objections.  The City therefore requests that the Court exercise its equitable power under section 105(a) of the Bankruptcy Code to establish the Eligibility Objection Deadline.[5]

22.     The establishment of the Eligibility Objection Deadline is in the best interests of the City, its creditors and all other parties in interest.  As set forth in the Orr Declaration, the City commenced this chapter 9 case because it had no reasonable alternative to rectify its financial emergency.  The City believes that it is important to complete the chapter 9 process as promptly as possible by confirming a chapter 9 plan of adjustment that returns the City to a path for

---

[5]     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

sustainable financial health and revitalization.  The City therefore plans to move forward with its chapter 9 restructuring immediately.[6]

23.     The City's restructuring plans would be jeopardized and potentially delayed if it were forced to address eligibility objections piecemeal over an undefined period of time.  Such a process also would be highly inefficient for the Court.  It is appropriate, therefore, for the Court to establish the Eligibility Objection Deadline to allow any issues relating to the City's entitlement to relief under chapter 9 to be identified and resolved at the outset of this case.  This will permit the City to move forward expeditiously to complete its chapter 9 case without unnecessary and continued disruptions.

24.     Accordingly, pursuant to section 105(a) of the Bankruptcy Code, the City requests that the Court set an Eligibility Objection Deadline of 4:00 p.m., Eastern Time, on August 19, 2013, a date that is 32 days after the Petition Date to (a) promote the efficient administration of the City's case, (b) eliminate any uncertainty created by the absence of express timing provisions in section 921(d) of the Bankruptcy Code and (c) expedite the Court's

---

[6]     Indeed, given that after 18 months of service the Emergency Manager can be removed from his position by a two-thirds vote of the City Council approved by the Mayor under PA 436, the City's goal is to implement a plan of adjustment and conclude this case no later than September 2014.  See Orr Declaration, at ¶ 4.

consideration of any Eligibility Objections and the entry of an order for relief in this case.

25.    This deadline provides adequate time for any creditors or other parties in interest to evaluate eligibility issues and, if desired, file an objection to the City's eligibility for chapter 9 relief.  The City will serve the Notice of Commencement (which will identify the Eligibility Objection Deadline) within three business days after the entry of an order approving this Motion, and will publish the Notice of Commencement as described herein, consistent with section 923 of the Bankruptcy Code.  Given the high-profile nature of this filing, the City expects that most creditors will be aware of the chapter 9 filing before they even receive the Notice of Commencement.  Creditors thus will have most of a month to determine if they wish to raise an Eligibility Objection.

26.    In addition, the City has provided its arguments and support for its eligibility, which are available for creditors to review.  Contemporaneously with the filing of its petition for relief and this Motion and in support of its eligibility to be a chapter 9 debtor, the City has filed its Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, an accompanying Memorandum of Law, the Orr Declaration, a declaration of Gaurav Malhotra and a declaration of Charles M. Moore, among other things.  All of these documents are available free of charge at the City's restructuring website at www.kccllc.net/Detroit, which will

be identified in the Notice of Commencement. Accordingly, parties wishing to contest the City's eligibility for chapter 9 relief should have sufficient time to assert their objections within 32 days from the commencement of this case.

27.     The City requests that the Court require that any Eligibility Objections: (a) be in writing and filed with the Court by the Eligibility Objection Deadline and served on the City and its counsel so as to be received by the Eligibility Objection Deadline; (b) state with specificity the facts and legal authorities in support of such objections and otherwise comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court; and (c) be advocated in person at any and all hearings on such objections. Further, the City requests that if no Eligibility Objections are timely and properly filed, the Court shall promptly enter the order for relief in the City's case pursuant to section 921(d) of the Bankruptcy Code.

***The Establishment of Procedures for the Consideration***
***of Eligibility Objections is Necessary and Appropriate***

28.     If any Eligibility Objections are timely and properly filed, a hearing on such objections must be held pursuant to section 921(c) of the Bankruptcy Code. In that event, the City proposes that the Court set the following schedule to adjudicate the Eligibility Objections:

(a)     August 26, 2013 (the "Discovery Request Deadline") as the deadline for the City and any party that files a timely and proper Eligibility

Objection to serve written discovery requests (<u>i.e.</u>, seven days after the Eligibility Objection Deadline);

(b)     September 25, 2013 (the "<u>Written Discovery Deadline</u>") as the deadline for compliance with written discovery requests (<u>i.e.</u>, 30 days after the Discovery Request Deadline);

(c)     October 7 , 2013 as the deadline to complete non-expert depositions (<u>i.e.</u>, 12 days after the Written Discovery Deadline);

(d)     October 7, 2013 (the "<u>Expert Designation Deadline</u>") as the deadline to designate expert witnesses and submit expert reports (<u>i.e.</u>, 12 days after the Written Discovery Deadline);

(e)     October 17, 2013 (the "<u>Expert Counter-Designation Deadline</u>") as the deadline for the counter-designation of experts and submission of reports (<u>i.e.</u>, ten days after the Expert Designation Deadline);

(f)     October 22, 2013 (the "<u>Close of Discovery</u>") as the deadline for the completion of expert depositions (<u>i.e.</u>, five days after the Expert Counter-Designation Deadline);

(g)     October 29, 2013 as the deadline to submit factual stipulations and exchange witness lists (<u>i.e.</u>, seven days after the Close of Discovery); and

(h)     November 4, 2013 as the deadline for the filing of any pre-trial briefs (<u>i.e.</u>, 13 days after the Close of Discovery).

The City further proposes that, following the filing of pre-trial briefs, the Court schedule a pre-trial conference and hearing on the Eligibility Objections (an "<u>Eligibility Hearing</u>") as soon as the Court's schedule will permit.

## **Reservation of Rights**

29.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent,

pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

30.     Notice of this Motion has been given to the following (or their counsel if known):  (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the insurers of the certificates of participation issued with respect to the City's pension funds (the "COPs"); (h) certain significant holders of the COPs; (i) the counterparties under the swap contracts entered into in connection with the COPs (collectively, the "Swaps"); and (j) the insurers of the Swaps.  In addition, a copy of the Motion was served on the Office of the United States Trustee.  The City submits that no other or further notice need be provided.

## No Prior Request

31.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that this Court: (a) enter an order substantially in the form attached hereto as <u>Exhibit 1</u> granting the relief sought herein; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  July 19, 2013          Respectfully submitted,


                               /s/ David G. Heiman
                               David G. Heiman (OH 0038271)
                               Heather Lennox (OH 0059649)
                               JONES DAY
                               North Point
                               901 Lakeside Avenue
                               Cleveland, Ohio  44114
                               Telephone:  (216) 586-3939
                               Facsimile:  (216) 579-0212
                               dgheiman@jonesday.com
                               hlennox@jonesday.com

                               Bruce Bennett (CA 105430)
                               JONES DAY
                               555 South Flower Street
                               Fiftieth Floor
                               Los Angeles, California  90071
                               Telephone:  (213) 243-2382
                               Facsimile:  (213) 243-2539
                               bbennett@jonesday.com

                               Jonathan S. Green (MI P33140)
                               Stephen S. LaPlante (MI P48063)
                               MILLER, CANFIELD, PADDOCK AND
                                   STONE, P.L.C.
                               150 West Jefferson
                               Suite 2500
                               Detroit, Michigan  48226
                               Telephone:  (313) 963-6420
                               Facsimile:  (313) 496-7500
                               green@millercanfield.com
                               laplante@millercanfield.com

                               ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | None  [Separate Notice of First Day Relief Proposed] |
| Exhibit 3 | None  [Brief Not Required] |
| Exhibit 4 | None  [Separate Certificate of Service To Be Filed] |
| Exhibit 5 | None  [No Affidavits Filed Specific to This Motion] |
| Exhibit 6.1 | Notice of Commencement |
| Exhibit 6.2 | Unreported Orders |

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------------x
                                        :
In re                                   : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
                    Debtor.             : Hon. _____
                                        :
                                        :
------------------------------------------------------x
```

## ORDER (A) DIRECTING AND APPROVING FORM OF NOTICE OF COMMENCEMENT OF CASE AND MANNER OF SERVICE AND PUBLICATION OF NOTICE AND (B) ESTABLISHING A DEADLINE FOR OBJECTIONS TO ELIGIBILITY AND A SCHEDULE FOR THEIR CONSIDERATION

This matter coming before the Court on the Motion of Debtor for

Entry of an Order (A) Directing and Approving Form of Notice of Commencement

of Case and Manner of Service and Publication of Notice and (B) Establishing a

Deadline for Objections to Eligibility and a Schedule for Their Consideration

(the "Motion"), filed by the City of Detroit, Michigan (the "City");[1] the Court

having reviewed the Motion and the Orr Declaration and having considered the

statements of counsel and the evidence adduced with respect to the Motion at a

hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
        them in the Motion.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

section 921(b) of the Bankruptcy Code, (b) this is a core proceeding pursuant to

28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under

the circumstances and (d) the form of the Notice of Commencement and the

manner of service and publication of the Notice of Commencement proposed in the

Motion satisfy the requirements of section 923 of the Bankruptcy Code; and the

Court having determined that the legal and factual bases set forth in the Motion

and the Orr Declaration and at the Hearing establish just cause for the relief

granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The form of the Notice of Commencement attached as

Exhibit 6.1 to the Motion is hereby APPROVED pursuant to section 923 of the

Bankruptcy Code.

3.      The Proposed Noticing Agent is directed to mail the Notice of

Commencement to the parties identified on the Creditor List within three business

days after the entry of this Order.

4.      The City shall cause the Notice of Commencement to be

published once a week for three consecutive weeks, with the first publication to

occur within five business days after the entry of this Order or as soon thereafter as

practicable, in (a) the *Detroit Free Press* and (b) *The Bond Buyer*. The City shall

file with the Court proof of publication not later than 14 calendar days after the last

publication. In addition, in its discretion, the City may post the Notice of

Commencement on the Electronic Municipal Market Access database at

www.emma.msrb.com. The City may modify the Notice of Commencement to the

extent necessary or appropriate to conform the Notice of Commencement to

publication, and may reformat the Notice of Commencement to minimize the

number of pages for service.

      5.    The service and publication of the Notice of Commencement in

accordance with this Order provides sufficient notice of the City's case and

satisfies the requirements of section 923 of the Bankruptcy Code.

      6.    Any Eligibility Objections must be filed with the Court by no

later than August 19, 2013 at 4:00 p.m., Eastern Time (the "Eligibility Objection

Deadline").

      7.    Any Eligibility Objections shall state the facts and legal

authorities in support of such objections; shall comply with the Bankruptcy Code,

the Bankruptcy Rules and the Local Rules; and shall be served by mailing a copy

of the same to the following parties so as to be actually received by the Eligibility

Objection Deadline: (a) the City: (i) Coleman A. Young Municipal Center,

2 Woodward Avenue, Suite 1126, Detroit, Michigan 48226 (Attn: Kevyn D. Orr

— Emergency Manager) and (ii) 2 Woodward Avenue, Suite 500, Detroit, Michigan 48226 (Attn: Corporation Counsel); and (b) counsel to the City: (i) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: David G. Heiman, Esq. and Heather Lennox, Esq.), (ii) Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071 (Attn: Bruce Bennett, Esq.), (iii) Jones Day, 1420 Peachtree St., N.E., Suite 800, Atlanta, Georgia 30309-3053 (Attn: Jeffrey B. Ellman, Esq.) and (iv) Miller Canfield P.L.C., 150 West Jefferson, Suite 2500, Detroit, Michigan 48226 (Attn: Jonathan S. Green, Esq. and Stephen S. LaPlante, Esq.).

8.    If any Eligibility Objections are filed and served on the above parties on or before the Eligibility Objection Deadline in accordance with this Order, the following schedule shall apply to the adjudication of such Eligibility Objections:

- August 26, 2013 shall be the deadline for the City and any party that files a timely and proper Eligibility Objection to serve written discovery requests;

- September 25, 2013 shall be the deadline for compliance with written discovery requests;

- October 7, 2013 shall be the deadline to complete non-expert depositions;

- October 7, 2013 shall be the deadline to designate expert witnesses and submit expert reports;

- October 17, 2013 shall be the deadline for the counter-designation of experts and submission of reports;

- October 22, 2013 shall be the deadline for the completion of expert depositions;

- October 29, 2013 shall be the deadline to submit factual stipulations and exchange witness lists; and

- November 4, 2013 shall be the deadline for the filing of any pre-trial briefs.

9. A pre-trial conference shall be conducted on _____ at _____ __.m., Eastern Time, in Courtroom __ at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 W. Fort Street, Detroit, Michigan 48226.

10. A hearing on the Eligibility Objections (an "Eligibility Hearing") shall be conducted on _____ at _____ __.m., Eastern Time, in Courtroom __ at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 W. Fort Street, Detroit, Michigan 48226.

11. Any Eligibility Objections must be advocated in person at all hearings on such objections, including, without limitation, the Eligibility Hearing, or the Court in its discretion may not consider such Eligibility Objections.

12. If no timely and proper Eligibility Objections are filed and served in accordance with this Order, no Eligibility Hearing will be conducted and

the City's request for relief under chapter 9 of the Bankruptcy Code will be deemed granted.

13. If no timely and proper Eligibility Objections are filed and served in accordance with this Order, or if all timely and proper Eligibility Objections are overruled by the Court or resolved, the Notice of Commencement shall serve as notice of the entry of an order for relief in the City's chapter 9 case.

14. Nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

# **EXHIBIT 6.1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-----------------------------------------------------x
                                  :
In re                             : Chapter 9
                                  :
CITY OF DETROIT, MICHIGAN,        : Case No. 13-53846
                                  :
                    Debtor.       : Hon. _____
                                  :
                                  :
                                  :
-----------------------------------------------------x
```

**NOTICE OF COMMENCEMENT OF CASE UNDER
CHAPTER 9, NOTICE OF AUTOMATIC STAY AND
PURPOSES OF CHAPTER 9, NOTICE OF DEADLINE AND
PROCEDURES FOR FILING OBJECTIONS TO THE CHAPTER 9
PETITION AND NOTICE OF CITY'S MOTION TO LIMIT NOTICE**

**TO ALL CREDITORS OF THE CITY OF DETROIT, MICHIGAN, AND TO
OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Commencement of Chapter 9 Case***

        1.     On July 18, 2013, the City of Detroit, Michigan commenced a

case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern

District of Michigan, Southern Division (the "Bankruptcy Court").  The City's

Chapter 9 Case was commenced pursuant to an order issued by Kevyn D. Orr, in

his capacity as emergency manager of the City (in such capacity, the "Emergency

Manager"), consistent with his authority under section 18 of Public Act 436 of

2012 ("PA 436").  The Chapter 9 Case is pending before the Honorable

_____, United States Bankruptcy Judge.

### *Automatic Stay*

2.      Pursuant to sections 362 and 922 of the Bankruptcy Code, the filing of the City's chapter 9 petition operates as an automatic stay of actions against the City, including, among other things, (a) the enforcement of any judgment; (b) any act to obtain property from the City; (c) any act to create, perfect or enforce any lien against property of the City; (d) any act to collect, assess or recover a claim against the City; and (e) the commencement or continuation of any judicial, administrative or any other action or proceeding against the City, the Emergency Manager or any other officer or inhabitant of the City that seeks to enforce a claim against the City.

### *Purpose of the Chapter 9 Filing*

3.      Chapter 9 of the Bankruptcy Code provides a means for a municipality (such as the City) that has encountered financial difficulty to work with its creditors to adjust its debts.  The primary purpose of chapter 9 is to allow the municipality to continue its operations and its provision of services while it adjusts or restructures creditor obligations.  In a chapter 9 case, the jurisdiction and powers of the Bankruptcy Court are limited such that it may not interfere with any of the political or governmental powers of the City or the City's use or enjoyment

of any income-producing property.  During this Chapter 9 Case, the Emergency

Manager will continue to manage the affairs of the City according to his authority

under PA 436.  Under section 18(1) of PA 436, the Emergency Manager acts

exclusively on the City's behalf in this Chapter 9 Case.

4.    The City intends to propose a plan for the adjustment of its

debts.  Future notice concerning any such plan will be provided to all known

creditors.

### *Deadline for Objections to Petition and Entry of an Order for Relief*

5.    The City has filed support for its eligibility to be a debtor under

chapter 9 of the Bankruptcy Code (the "<u>Documentary Support</u>").[1]  Objections to

the City's chapter 9 petition may be filed by a creditor or party in interest by no

later than 4:00 p.m., Eastern Time, on August 19, 2013 (the "<u>Eligibility Objection</u>

<u>Deadline</u>").  Any such objection shall state the facts and legal authorities in support

of such objection; shall comply with the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court; and shall be

filed with the Bankruptcy Court and served on the following parties so as to be

---

[1]    The Documentary Support includes:  (a) a Statement of Qualifications
Pursuant to Section 109(c) of the Bankruptcy Code; (b) an accompanying
memorandum of law; (c) supporting declarations of Kevyn D. Orr, Gaurav
Malhotra and Charles M. Moore; and (d) the accompanying exhibits for each
of the foregoing.  The City reserves the right to file additional papers in
support of its eligibility for chapter 9 relief and in opposition to any
objections thereto.

actually received by the Eligibility Objection Deadline: (a) the City at (i) Coleman A. Young Municipal Center, 2 Woodward Avenue, Suite 1126, Detroit, Michigan 48226 (Attn: Kevyn D. Orr — Emergency Manager) and (ii) 2 Woodward Avenue, Suite 500, Detroit, Michigan 48226 (Attn: Corporation Counsel); and (b) counsel to the City at (i) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: David G. Heiman, Esq. and Heather Lennox, Esq.), (ii) Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071 (Attn: Bruce Bennett, Esq.), (iii) Jones Day, 1420 Peachtree St., N.E., Suite 800, Atlanta, Georgia 30309-3053 (Attn: Jeffrey B. Ellman, Esq.) and (iv) Miller Canfield, Paddock and Stone, P.L.C., 150 West Jefferson, Suite 2500, Detroit, Michigan 48226 (Attn: Jonathan S. Green, Esq. and Stephen S. LaPlante, Esq.).

6. If any Eligibility Objections are filed and served on the above parties on or before the Eligibility Objection Deadline in accordance with the above procedures, the following schedule shall apply to the adjudication of the Eligibility Objections:

- August 26, 2013 shall be the deadline for the City and any party that files a timely and proper Eligibility Objection to serve written discovery requests;

- September 25, 2013 shall be the deadline for compliance with written discovery requests;

- October 7, 2013 shall be the deadline to complete non-expert depositions;

- October 7, 2013 shall be the deadline to designate expert witnesses and submit expert reports;

- October 17, 2013 shall be the deadline for the counter-designation of experts and submission of reports;

- October 22, 2013 shall be the deadline for the completion of expert depositions;

- October 29, 2013 shall be the deadline to submit factual stipulations and exchange witness lists; and

- November 4, 2013 shall be the deadline for the filing of any pre-trial briefs.

7.     A pre-trial conference shall be conducted on _____ at _____ __.m., Eastern Time, in Courtroom __ at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 W. Fort Street, Detroit, Michigan  48226.

8.     A hearing on the Eligibility Objections (an "Eligibility Hearing") shall be conducted on _____ at _____ __.m., Eastern Time, in Courtroom __ at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 W. Fort Street, Detroit, Michigan  48226.

9.     Any Eligibility Objections must be advocated in person at all hearings on such objections, including, without limitation, the Eligibility Hearing, or the Court in its discretion may not consider such Eligibility Objections.

10. Proceedings in this Chapter 9 Case will not be stayed pending the Court's adjudication of any Eligibility Objections and entry of an order for relief.

11. If no timely and proper Eligibility Objections are filed and served in accordance with this Order, no Eligibility Hearing will be conducted and the City's request for relief under chapter 9 of the Bankruptcy Code will be deemed granted.

**IF NO OBJECTIONS ARE TIMELY AND PROPERLY FILED, OR IF ALL TIMELY AND PROPER ELIGIBILITY OBJECTIONS ARE OVERRULED BY THE COURT OR RESOLVED, THE FILING OF THE CITY'S CHAPTER 9 PETITION SHALL BE DEEMED AN ORDER FOR RELIEF UNDER CHAPTER 9 OF THE BANKRUPTCY CODE, AND THIS NOTICE SHALL BE DEEMED NOTICE OF SUCH ORDER FOR RELIEF.**

### *Motion to Limit Notice*

12. The City also has requested that the Bankruptcy Court enter an order limiting notice of certain initial filings in the City's bankruptcy case to certain creditors and interested parties. If you wish to receive further notices in this case, you are encouraged to appear formally in this Chapter 9 Case and file with the Bankruptcy Court a written request for service of papers pursuant to the Federal Rules of Bankruptcy Procedure.

### *Case Information*

13. All documents filed in this case are available free of charge at the City's restructuring website at www.kccllc.net/Detroit or, on a paid subscription

basis, through the Bankruptcy Court's PACER system at ecf.mieb.uscourts.gov.

Additional information about the City's restructuring is available at the Emergency

Manager's page on the City's website at www.detroitmi.gov/EmergencyManager.

[Inquiries about this case also may be directed to the City's Chapter 9 Information

Hotline at (877) 298-6236.][2]

**BY ORDER OF THE COURT**

---

[2]    Note:  Bracketed language will not be included in the publication version of this Notice.

**EXHIBIT 6.2**

2012-32118
FILED
July 10, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004329288

**6**

1   MARC A. LEVINSON (STATE BAR NO. 57613)
    malevinson@orrick.com
2   NORMAN C. HILE (STATE BAR NO. 57299)
    nhile@orrick.com
3   JOHN W. KILLEEN (STATE BAR NO. 258395)
    jkilleen@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
5   Sacramento, California  95814-4497
    Telephone:    (916) 447-9200
6   Facsimile:    (916) 329-4900

7   Attorneys for Debtor
    City of Stockton

8

9                   UNITED STATES BANKRUPTCY COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11                       SACRAMENTO DIVISION

12

13  In re:                              Case No.  2012-32118

14  CITY OF STOCKTON, CALIFORNIA,       DC No.  OHS-2

15            Debtor.                   Chapter 9

16                                      **ORDER DIRECTING AND
                                        APPROVING FORM OF NOTICE AND**
17                                      **SETTING DEADLINE FOR FILING
                                        OBJECTIONS TO THE CITY OF**
18                                      **STOCKTON, CALIFORNIA'S
                                        PETITION**

19
                                        Date:      Friday, July 6, 2012
20                                      Time:      10:00 a.m.
                                        Place:     United States Courthouse
21                                                 Dept. A, Courtroom 28
                                                   501 I Street
22                                                 Sacramento, CA  95814

23

24

25

26

27

28

RECEIVED
July 09, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004329288

ORD. DIRECTING & APPROVING FORM OF NOT. &
SETTING DEADLINE FOR FILING OBJS. TO THE
CITY OF STOCKTON, CALIFORNIA'S PETITION

1    Upon consideration of the Emergency Motion for Entry of an Order (1) Directing and

2  Approving Form of Notice; and (2) Setting Deadline for Filing Objections to Petition (the

3  "Emergency Motion"), filed by the City of Stockton, California (the "City"), the Court finding

4  that notice of the Emergency Motion was reasonable and appropriate under the circumstances,

5  and the Court determining that the relief requested in the Emergency Motion is appropriate and in

6  the best interests of the creditors and parties in interest in this case,

7    IT IS HEREBY ORDERED THAT:

8    1.    The form of notice of the commencement of case (the "Notice"), attached hereto,

9  is approved;

10    2.    The requirements of Bankruptcy Code § 923 are satisfied by service of the Notice

11  by first class mail on the United States Trustee and all entities identified on the List of Creditors

12  filed by the City pursuant to Bankruptcy Code § 924, and by publication of the Notice once a

13  week for at least three consecutive weeks in each of *The Stockton Record* and *The Bond Buyer*;

14    3.    The Clerk of the Court is directed to mail the Notice to all creditors listed on the

15  City's List of Creditors filed pursuant to section 924 of the Bankruptcy Code;

16    4.    As more particularly described in the Notice, the deadline for filing objections to

17  the petition under Bankruptcy Code § 921(d) is 5:00 p.m. Pacific time on August 9, 2012 (the

18  "Objection Deadline");

19    5.    ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪, the Court will conduct a status conference

20  on Thursday, August 23, 2012, at 10:00 a.m. Pacific time, at which time the Court will consider

21  setting other dates; and whether, if no objection is filed, to enter

22  ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

23  ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪ an order for relief.

24  Dated: July 10, 2012

25

26

27    United States Bankruptcy Judge

28

MARC A. LEVINSON (STATE BAR NO. 57613)
malevinson@orrick.com
NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
JOHN W. KILLEEN (STATE BAR NO. 258395)
jkilleen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:    (916) 447-9200
Facsimile:    (916) 329-4900

Attorneys for Debtor
City of Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.   2012-32118 |
| CITY OF STOCKTON, CALIFORNIA, | Chapter 9 |
| Debtor. | **NOTICE OF COMMENCEMENT OF CHAPTER 9 CASE** |

**TO ALL CREDITORS OF THE CITY OF STOCKTON, CALIFORNIA, AND TO**

**PARTIES IN INTEREST.  PLEASE TAKE NOTICE THAT:**

    <u>**COMMENCEMENT OF CHAPTER 9 CASE**</u>.  On June 28, 2012, the City of Stockton,

California (the "City") commenced a case under chapter 9 of title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of

California, Sacramento Division (the "Court").  The chapter 9 case is pending before the

Honorable Christopher M. Klein, Chief United States Bankruptcy Judge.  All documents filed

with the Court are available for inspection via the PACER system, which may be accessed on a

subscription basis at the following internet address: www.caeb.uscourts.gov.  In addition, the City

is in the process of adding a chapter 9 link to its website, www.stocktongov.com.  Such link will

contain, among other things, key pleadings filed in the bankruptcy case.

NOTICE OF COMMENCEMENT
OF CHAPTER 9 CASE

**AUTOMATIC STAY**.  Pursuant to sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 922, the filing of the City's chapter 9 petition operates as an automatic stay of actions against the City, including, among other things, the enforcement of any judgment, any act to obtain property from the City, any act to create, perfect, or enforce any lien against property of the City, any act to collect, assess or recover a claim against the City, and the commencement or continuation of any judicial, administrative, or any other action or proceeding against the City or against an officer or inhabitant of the City that seeks to enforce a claim against the City.

**PURPOSE OF THE CHAPTER 9 FILING**.  Chapter 9 of the Bankruptcy Code provides a means for a municipality, such as the City, that has encountered financial difficulty to work with its creditors to adjust its debts.  The primary purpose of chapter 9 is to allow the municipality to continue its operations and its provision of services while it adjusts or restructures creditor obligations.  Pursuant to the Tenth Amendment to the United States Constitution and to Bankruptcy Code sections 903 and 904 (11 U.S.C. §§ 903 and 904), in a chapter 9 case, the jurisdiction and powers of the bankruptcy court are limited such that the court may not interfere with any of the political or governmental powers of the City, or the City's use or enjoyment of any income-producing property.  The City intends to propose a plan for the adjustment of its debts.  Future notice concerning any such plan will be provided to all known creditors.  During the bankruptcy case, the City will remain in possession and control of its property, and will maintain its operations for the benefit of the public.

**DEADLINE FOR OBJECTIONS TO PETITION AND ENTRY OF AN ORDER FOR RELIEF**.  Objections to the chapter 9 petition may be filed by a creditor or party in interest by no later than 5:00 p.m. Pacific time on Thursday, August 9, 2012.  If you are an authorized user of the Court's CM/ECF system, any such objection shall be filed via the Court's CM/ECF system.  If you are not an authorized user of the Court's CM/ECF system, a written objection must be sent by means calculated to reach the Court no later than 5:00 p.m. on August 9, 2012 at the following address:  The Clerk of the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, 501 I Street, Sacramento, California 95814.

Any objection shall state the facts and legal authorities relied upon in support thereof, and

- 2 -

NOTICE OF COMMENCEMENT
CHAPTER 9 CASE

1    shall be served on or before the same date on the following parties (collectively, the "Special

2    Notice Parties"):  (1) the United States Trustee; (2) the City; (3) the City Attorney; (4) the City's

3    chapter 9 counsel; (5) the creditors holding the 20 largest unsecured claims against the City; (6)

4    counsel for Union Bank, N.A., Wells Fargo Bank, and Dexia Credit Local, as the Trustees of

5    certain bond indebtedness of the City; (7) counsel for National Public Finance Guarantee

6    Corporation and Assured Guaranty, the City's bond insurers; (8) California Public Employees

7    Retirement System; (9) counsel for the Stockton Police Management Association, Stockton

8    Police Officers' Association, Stockton Fire Management Unit, International Association of

9    Firefighters Local 456, Stockton Mid-Management/Supervisory Level Unit, and Stockton City

10   Employees' Association; (10) counsel for Operating Engineers Local 3; (11) counsel for the

11   Association of Retired Employees of the City of Stockton; (12) counsel for Franklin Advisers,

12   Inc.; (13) counsel for the United States Department of Housing and Urban Development; (14)

13   counsel for the Howard Jarvis Taxpayers Association; (15) counsel for the Price Judgment

14   Creditors; and (16) any other party who has filed a request for special notice with the Court.  The

15   contact information for such persons may be found on the Special Notice List that the City will

16   file with the Court prior to the publication of this Notice.

17          **HEARING ON OBJECTIONS**.  If no objection is timely filed, the filing of the petition

18   shall be deemed an order for relief under chapter 9 of the Bankruptcy Code, and this notice shall

19   be deemed notice of such order for relief.  If a timely objection is filed and served, the Court has

20   set a status conference for Thursday, August 23, 2012, at 10:00 a.m. Pacific time in Courtroom 35

21   at the United States Bankruptcy Court for the Eastern District of California, Sacramento Division,

22   501 I Street, 6th floor, Sacramento, California 95814.  At such time, the Court will consider

23   setting other dates.

24

25

26

27

28

1   **FAILURE TO FILE A TIMELY WRITTEN OPPOSITION WILL RESULT IN THE**

2   **ORDER FOR RELIEF BEING ENTERED**.

3   Dated: July 6, 2012

                              MARC A. LEVINSON
                              NORMAN C. HILE

4                                 JOHN W. KILLEEN
                              Orrick, Herrington & Sutcliffe LLP

5

6

7                          By:  */s/ Marc A. Levinson*
                                MARC A. LEVINSON

8                                 Attorneys for Debtor
                                Debtor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHSUSA:750862021.4

- 4 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


In re:                                )
                                      )
JEFFERSON COUNTY, ALABAMA,            )          Case No. 11-05736-TBB9
a political subdivision of the State of )
Alabama,                              )          Chapter 9 Proceeding
                                      )
        Debtor.                       )


**ORDER APPROVING DEBTOR'S MOTION TO SET DEADLINE AND PROCEDURES
FOR FILING OBJECTIONS TO THE PETITION AND TO APPROVE FORM AND
<u>PUBLICATION OF NOTICE REQUIRED BY 11 U.S.C. § 923</u>**

THIS MATTER came before the Court on the Motion of Debtor to Set Deadline and

Procedures for Filing Objections to the Petition and to Approve Form and Publication of Notice

Required by 11 U.S.C. § 923 (the "Motion")[1] filed by Jefferson County, Alabama (the

"County").  Based on the pleadings of record, the arguments and representations of counsel, all

other matters brought before the Court, and for good cause shown, the Court finds, determines

and concludes that notice of the relief requested in the Motion was good and sufficient under the

particular circumstances; the relief sought in the Motion is in the best interests of the County, its

creditors, and all parties in interest; the legal and factual grounds set forth in the Motion establish

just cause for the relief granted herein; and the Motion is due to be **GRANTED**.

        **WHEREFORE**, based upon the foregoing findings of fact and conclusions of law, it is

hereby

        **ORDERED, ADJUDGED and DECREED** that any objections to the County's Chapter

9 petition must be filed with the Clerk of the United States Bankruptcy Court for the Northern

---

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Motion.

District of Alabama, Southern Division, by no later than December 9, 2011 at 5:00 p.m. Central time (the "Objection Deadline"); and it is further

ORDERED, ADJUDGED and DECREED that any objections to the County's petition (i) shall state the basis of the objection and, with respect to any objection asserted under 11 U.S.C. § 109(c)(5), 11 U.S.C. § 921(c), or any other statutory provision relied upon by an objecting party, shall state with specificity the facts and legal authorities in support of the objection; (ii) shall comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and (iii) shall be served on the attorneys for the County by mailing a copy of the same to: (a) Bradley Arant Boult Cummings LLP, Attention: Patrick Darby, 1819 Fifth Avenue North, Birmingham, Alabama 35203, and (b) Klee, Tuchin, Bogdanoff & Stern LLP, Attention: Kenneth Klee, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, CA 90067-5061; and it is further

ORDERED, ADJUDGED and DECREED that failure to comply with the requirements of the immediately preceding portion of this Order without justifiable and good cause may be deemed a waiver of an objection and result in exclusion of evidence related thereto; and it is further

ORDERED, ADJUDGED and DECREED that, if any objections to the County's petition are filed with the Clerk of Court on or before the Objection Deadline in accordance with this Order, the Court shall hold a final, evidentiary hearing on such objections on December 15-16, 2011, beginning at 8:00 a.m. Central time each day, in Courtroom number 1, located at 505 20th Street North, 4th Floor, Birmingham, Alabama 35203 (the "Final Hearing"); and it is further

1/2247073.1

2

05-74665-tjt   Doc   Filed 07/19/13   Entered 07/19/13 00:17:34   Page 43 of 50
Case 11-05736-TBB9   Doc 90   Filed 11/11/11   Entered 11/11/11 14:00:07   Desc Main
Document   Page 2 of 9

**ORDERED, ADJUDGED and DECREED** that any objections to the petition must be advocated in person at all hearings on such objections, including without limitation the Final Hearing, or they automatically shall be deemed overruled; and it is further

**ORDERED, ADJUDGED and DECREED** that the form of the Notice attached hereto as <u>Exhibit A</u> is hereby APPROVED pursuant to Section 923 of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED and DECREED** that the County shall cause the Notice to be published for three consecutive weeks, with the first publication to occur as soon as practicable, in both *The Bond Buyer* and *The Birmingham News* and shall file with the Court proof of publication not later than fourteen (14) calendar days after the last publication; and it is further

**ORDERED, ADJUDGED and DECREED** that the County shall also cause the Notice to be mailed to the parties listed on the County's creditor matrix in this case as soon as practicable and shall file with the Court proof of publication not later than fourteen (14) calendar days after the mailing; and it is further

**ORDERED, ADJUDGED and DECREED** that the service and publication of the Notice in accordance herewith provides sufficient notice of the County's case and satisfies the requirements of Section 923 of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED and DECREED** that, in the absence of any timely and proper objection to the County's Chapter 9 petition by the Objection Deadline or should the Court overrule any and all timely and proper objections to the petition, the Notice shall serve as notice of the entry of an order for relief in the County's case; and it is further

**ORDERED, ADJUDGED and DECREED** that this Order is without prejudice to the rights of the County pursuant to Section 904 of the Bankruptcy Code, and nothing herein is

3

05-74665-tjt    Doc    Filed 07/19/13    Entered 07/19/13 00:17:34    Page 44 of 50
Case 11-05736-TBB9    Doc 90    Filed 11/11/11    Entered 11/11/11 14:00:07    Desc Main
Document    Page 3 of 9

intended as or shall be deemed to constitute the County's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (1) any of the political or governmental powers of the County, (2) any of the property or revenues of the County, or (3) the county's use or enjoyment of any income-producing property.

Dated: **November 11, 2011**

**/s/ Thomas B. Bennett**
**Thomas B. Bennett**
**U.S. Bankruptcy Judge**

**EXHIBIT A**
**[Form of Notice]**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **JEFFERSON COUNTY, ALABAMA,** | ) | **Case No. 11-05736-TBB9** |
| **a political subdivision of the State of** | ) | |
| **Alabama,** | ) | **Chapter 9 Proceeding** |
| | ) | |
| Debtor. | ) | |

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9,
NOTICE OF AUTOMATIC STAY, NOTICE OF DEADLINE AND PROCEDURES
FOR FILING OBJECTIONS TO THE PETITION, AND
<u>NOTICE OF DEBTOR'S MOTION TO LIMIT NOTICE</u>**

**TO ALL CREDITORS OF JEFFERSON COUNTY, ALABAMA, AND TO PARTIES IN INTEREST, PLEASE TAKE NOTICE THAT:**

**<u>COMMENCEMENT OF CHAPTER 9 CASE.</u>** On November 9, 2011, Jefferson County, Alabama (the "County") commenced a case under Chapter 9 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (the "Bankruptcy Court"). The Chapter 9 case is pending before the Honorable Thomas B. Bennett, United States Bankruptcy Judge. All documents filed with the Court are available for inspection via the PACER system, which may be accessed on a subscription basis at the following internet address:  www.alnb.uscourts.gov. The County is in the process of adding a link to its website www.jeffcoonline.jccal.com through which key pleadings, orders, notices, lists, and other documents regarding the County's Chapter 9 case and related proceedings before the Bankruptcy Court in this case will be made available.

**<u>AUTOMATIC STAY.</u>** Pursuant to Sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, the filing of the County's Chapter 9 petition operates as an automatic stay

1/2247073.1

05-74665-tjt   Doc   Filed 07/19/13   Entered 07/19/13 00:17:34   Page 47 of 50
Case 11-05736-TBB9   Doc 90   Filed 11/11/11   Entered 11/11/11 14:00:07   Desc Main
Document   Page 6 of 9

of actions against the County, including, among other things, the commencement or continuation of any judicial, administrative, or other action against the County or against an officer or inhabitant of the County that seeks to enforce a claim against the County, any act to obtain property of or from the County, any act to create, perfect, or enforce any lien against property of the County, and any act to collect, assess, or recover a claim against the County that arose before the commencement of the County's bankruptcy case.

**PURPOSE OF THE CHAPTER 9 FILING.** Chapter 9 of the Bankruptcy Code provides a means for a municipality, such as the County, that has encountered financial difficulty to work with its creditors to adjust its debts. The primary purpose of Chapter 9 is to allow the municipality to continue its operations and its provision of services while it adjusts or restructures creditor obligations. In a Chapter 9 case, the jurisdiction and powers of the bankruptcy court are limited such that the court may not interfere with any of the political or governmental powers of the County, or the County's use or enjoyment of any income-producing property. The County intends to propose a plan for the adjustment of its debts. Future notice concerning any such plan will be provided to all known creditors. During the bankruptcy case, the County will remain in possession and control of its property, and will maintain its operations for the benefit of the public.

**DEADLINES FOR OBJECTIONS TO PETITION AND NOTICE OF ORDER FOR RELIEF.** Any objections to the County's Chapter 9 petition must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, by no later than December 9, 2011 at 5:00 p.m., Central time (the "Objection Deadline"). Any such objection (i) shall state the basis of the objection and, with respect to any objection asserted under 11 U.S.C. § 109(c)(5) or 11 U.S.C. § 921(c), shall state with specificity the facts and legal

authorities in support of the objection; (ii) shall comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and (iii) shall be served on the attorneys for the County by mailing a copy of the same to: (a) Bradley Arant Boult Cummings LLP, Attention: Patrick Darby, 1819 Fifth Avenue North, Birmingham, Alabama 35203, and (b) Klee, Tuchin, Bogdanoff & Stern LLP, Attention: Kenneth Klee, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067-5061. If any objections to the County's petition are filed with the Clerk of Court on or before the Objection Deadline in accordance with this Order, the Court shall hold a final, evidentiary hearing on such objections on December 15-16, 2011, beginning at 8:00 a.m. Central time each day, in Courtroom number 1, located at 505 20th Street North, 4th Floor, Birmingham, Alabama 35203. Objections must be advocated in person at all hearings on the objections, or they automatically shall be deemed overruled. If no objection is timely and properly filed, or if the Court overrules any and all objections that are timely and properly filed, then the filing of the petition shall be deemed an order for relief under Chapter 9 of the Bankruptcy Code, and this notice shall be deemed notice of such order for relief. Failure to file a timely and proper objection will result in the order for relief being entered.

**MOTION TO LIMIT NOTICE.** By separate motion, the County has requested the Bankruptcy Court to enter an order limiting notice of filings in the County's bankruptcy case to certain creditors and interested parties. Any other creditor or party in interest that wishes to receive notice in this Chapter 9 case should file with the Clerk of Court a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery;

(e) the party's relationship to the County's case, i.e., trade creditor, warrant holder, interested party; and (f) a facsimile number for the requesting party, if available. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in this Chapter 9 case shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 that does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, with the choice of the mode of service to be made by the County in the County's sole discretion.

Inquiries about the matters described herein may be directed to the County's bankruptcy co-counsel: Patrick Darby, Bradley Arant Boult Cummings LLP, 1819 Fifth Avenue North, Birmingham, Alabama 35203, pdarby@babc.com, and Kenneth Klee, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067-5061, kklee@ktbslaw.com.

**Dated: November 11, 2011**

/s/ **Thomas B. Bennett**
**Thomas B. Bennett**
**U.S. Bankruptcy Judge**