## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                                     :
In re                                                : Chapter 9
                                                     :
CITY OF DETROIT, MICHIGAN,                           : Case No. 13-53846
                                                     :
                       Debtor.                       : Hon. _____
                                                     :
                                                     :
                                                     :
-----------------------------------------------------x
```

## MOTION OF DEBTOR FOR ENTRY OF
## AN ORDER APPOINTING KURTZMAN CARSON
## CONSULTANTS, LLC AS CLAIMS AND NOTICING
## AGENT PURSUANT TO 28 U.S.C. § 156(c), SECTION 105(a)
## OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2002

The City of Detroit, Michigan ("Detroit" or the "City"), as the debtor

in the above-captioned case, hereby moves the Court, pursuant to section 156(c) of

title 28 of the United States Code, section 105(a) of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 2002 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for the entry of an order[1] appointing

Kurtzman Carson Consultants, LLC as claims and noticing agent (the "Noticing

---

[1]   This Motion includes certain attachments that are labeled in accordance with
      Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the
      Eastern District of Michigan (the "Local Rules").  Consistent with Local
      Rule 9014-1(b), a copy of the proposed form of order granting this Motion is
      attached hereto as Exhibit 1.  A summary identifying each included
      attachment by exhibit number is appended to this Motion.

Agent") in this chapter 9 case.  In support of this Motion, the City respectfully

represents as follows:

## Background

1.      Incorporated in 1806, Detroit is the largest city in Michigan.

As of December 2012, the City had a population of less than 685,000 (down from a

peak population of nearly 2 million in 1950).

2.      Over the past several decades, the City has experienced

significant economic challenges that have negatively impacted employment,

business conditions and quality of life.  These challenges include, among other

things, (a) a contraction of its historic manufacturing base, (b) a declining

population, (c) high unemployment, (d) an erosion of the City's income and

property tax bases, (e) a reduction in state revenue sharing and (f) a lack of

adequate reinvestment in the City and its infrastructure.

3.      As of June 30, 2013 — the end of the City's 2013 fiscal year —

the City's liabilities exceeded $18 billion (including, among other things, general

obligation and special revenue bonds, unfunded actuarially accrued pension and

other postemployment benefit liabilities, pension obligation certificate liabilities

and related derivative liabilities).  Excluding the proceeds of debt issuances, the

City has incurred large and unsustainable operating deficits for each of the past six

years.  As of June 30, 2013, the City's accumulated unrestricted general fund

deficit was approximately $237.0 million. Excluding the impact of a recent debt issuance, this represents an increase of approximately $47.4 million over fiscal year 2012.

4.     On February 19, 2013, a review team appointed by Rick Snyder, Governor of the State of Michigan (the "Governor"), pursuant to Public Act 72 of 1990, the Local Government Fiscal Responsibility Act, MCL § 141.1201, et seq. ("PA 72"), issued its report with respect to the City and its finances (the "Review Team Report"). The Review Team Report concluded that a local government financial emergency exists within the City.

5.     On March 14, 2013, in response to the Review Team Report and the declining financial condition of the City and at the request of the Governor, the Local Emergency Financial Assistance Loan Board of the State of Michigan appointed Kevyn D. Orr as emergency financial manager with respect to the City under PA 72, effective as of March 25, 2013.

6.     On March 28, 2013, upon the effectiveness of Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"), Mr. Orr became, and continues to act as, emergency manager with respect to the City under PA 436 (in such capacity, the "Emergency Manager"). Pursuant to PA 436, the Emergency Manager acts "for and in the place and stead of the governing body and the office of chief administrative officer" of the City.

MCL § 141.1549. In addition, the Emergency Manager acts exclusively on behalf of the City with respect to the filing of a case under chapter 9 of the Bankruptcy Code upon receiving authorization from the Governor. MCL § 141.1558.

7.      On July 18, 2013, the Governor issued his written decision (the "Authorization") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of the Bankruptcy Code. Thereafter, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order"). True and correct copies of the Approval Order and the Authorization are attached as Exhibit A to the Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, filed contemporaneously with this Motion.

8.      In accordance with the Authorization and the Approval Order, on July 18, 2013, the City commenced a case under chapter 9 of the Bankruptcy Code. Additional details regarding the City and the events leading to the commencement of this chapter 9 case are set forth in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, filed contemporaneously with this Motion.

## Jurisdiction

9.     The Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

## Relief Requested

10.     By this Motion, the City seeks an order pursuant to

section 156(c) of title 28 of the United States Code, section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 2002 appointing the Noticing Agent as

claims and noticing agent in the City's chapter 9 case to, among other things:

(a) serve as the Court's agent to mail notices to creditors of the City and other

parties in interest; (b) provide claims processing services on behalf of the Court;

and (c) provide computerized claims database services, including by maintaining

the official claims register in this case.

## Basis for Relief

11.     Bankruptcy Rule 2002, which governs the notices that must be

provided to creditors and other parties in interest in bankruptcy cases, authorizes

the Court to direct that some person other than the Office of the Clerk of this Court

(the "Clerk's Office") give notice of matters arising in the City's chapter 9 case.

See, e.g., Fed. R. Bankr. P. 2002(a), (b), (d), (f) (requiring in each case that notices

be given by "the clerk, or some other person as the court may direct").

12.    Section 156(c) of title 28 of the United States Code provides:

Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

13.    The number of parties that may file claims and require noticing in this chapter 9 case is substantial. For example, the City has identified in excess of 100,000 potential creditors in its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007, filed contemporaneously with this Motion. This potential creditor pool includes, among others, numerous employees, retirees, bondholders, insurers, vendors, contract counterparties and parties to litigation involving the City. In addition, the City anticipates that many other parties will request service of papers filed in this chapter 9 case, which is the largest chapter 9 case ever filed.

14.    Given the number of parties interested in the City's chapter 9 case and the size of the City's creditor body, it would be impracticable and inefficient for the City or the Clerk's Office to undertake the task of sending notices to these entities. Moreover, appointing the Noticing Agent to maintain a

claims register and process claims will greatly decrease the costs and burdens of administering the City's case and will improve the accuracy and efficiency of the noticing, claims allowance and solicitation processes.

## The Noticing Agent's Qualifications

15.     The City solicited bids for third-party vendors to serve as claims and noticing agent in its chapter 9 case.  Through this process, the City has selected and authorized the engagement of the Noticing Agent.

16.     The Noticing Agent is one of the leading bankruptcy administrators in the country, with experience in noticing and claims administration and facilitating other administrative aspects of numerous cases of substantial size and complexity in this and other districts, including by way of example the following:  In re Richfield Equities, L.L.C., No. 12-33788 (DOF) (Bankr. E.D. Mich.); In re Capitol Bancorp Ltd., No. 12-58409 (MBM) (Bankr. E.D. Mich.); In re Energy Conversion Devices, Inc., No. 12-43166 (TJT) (Bankr. E.D. Mich.); In re Noble Int'l, Ltd., No. 09-51720 (MBM) (Bankr. E.D. Mich.); In re Hostess Brands, Inc., No. 12-22052 (RDD) (Bankr. S.D.N.Y.); In re Residential Capital, LLC, No. 12-12020 (MG) (Bankr. S.D.N.Y.); In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y.); In re Washington Mut., Inc., No. 08-12229 (MFW) (Bankr. D. Del.).  In addition, the Noticing Agent has experience performing claims and noticing services in the context of chapter 9 by

serving in those capacities for the debtor in the chapter 9 case of Jefferson County, Alabama, No. 11-05736 (TBB) (Bankr. N.D. Ala.).

17.     The Noticing Agent specializes in providing comprehensive bankruptcy administrative services.  The Noticing Agent has developed efficient and cost-effective methods to handle properly the voluminous mailings associated with large bankruptcy cases to ensure the orderly and fair treatment of creditors and other parties in interest.  Moreover, the Noticing Agent has experience working with, and will continue to work with, the Clerk's Office to ensure that the services provided conform with all of the Court's procedures, the Local Rules and the provisions of any orders entered by this Court.

18.     As set forth in the Declaration of Evan Gershbein attached hereto (the "Gershbein Declaration"), the Noticing Agent has represented, among other things, that it does not have any relationship that would preclude it from fulfilling its proposed role in this case and that it will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).  To the best of the Noticing Agent's knowledge and except as disclosed in the Gershbein Declaration, the Noticing Agent neither holds nor represents any interest materially adverse to the City in connection with any matter on which it would be employed.

## Services to Be Provided By the Noticing Agent

19.     This Application pertains only to the work to be performed by the Noticing Agent under the Clerk Office's delegation of duties permitted by 28 U.S.C. § 156(c). Any work to be performed by the Noticing Agent outside of this scope is not covered by this Application or by any Order granting approval hereof.[2]

20.     The tasks anticipated to be performed by the Noticing Agent in its role as noticing and claims agent (the "Noticing and Claims Services") include the following, as well as all quality control relating thereto:

       (a)    prepare and serve required notices and documents in the chapter 9 case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the City and/or the Court, including, among others (i) notice of the commencement of this chapter 9 case, (ii) notices of objections to claims and objections to

---

[2]     The City anticipates that KCC will provide other services to the City in connection with this case, including solicitation and balloting services and other administrative and consulting services. Consistent with section 904 of the Bankruptcy Code, however, no Court approval of any such additional services is required or permitted, and none is sought herein. See, e.g., In re E. Shoshone Hosp. Dist., 226 B.R. 430, 431 (Bankr. D. Idaho 1998) (holding that a chapter 9 debtor was not required to obtain court approval for the employment of counsel because §§ 327, 328, 330, and 331 are not incorporated into chapter 9 by section 901 of the Bankruptcy Code); In re Cnty. of Orange, 179 B.R. 195, 200 (Bankr. C.D. Cal. 1995) (holding that the court had no authority to order the payment of interim compensation to professionals without the chapter 9 debtor's consent because section 331 of the Bankruptcy Code, which governs interim payments to professionals, is not incorporated into chapter 9).

transfers of claims, (iii) notices regarding any plan of adjustment filed by the City; (iv) notice of the effective date of any plan of adjustment and (v) all other notices, orders, pleadings, publications and other documents as the City or the Court may deem necessary or appropriate for an orderly administration of this chapter 9 case;

(b)     maintain (i) a list of all potential creditors and other parties in interest in this case and (ii) the general and special service lists for which the City has requested approval, and update these lists and make them available upon request by a party-in-interest or the Clerk's Office;

(c)     furnish a notice to all potential creditors of the last date for the filing of proofs of claim (the "Claims Bar Date") and a form for the filing of a proof of claim, after such notice and form are approved by the Court, and notify potential creditors of the existence, amount and classification of their respective claims as set forth in any list of claims to be filed by the City consistent with section 925 of the Bankruptcy Code (the "List of Claims"), which may be effected by inclusion of such information (or the lack thereof, where the List of Claims indicates no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(d)     maintain a post-office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(e)     for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk's Office[33] an affidavit or certificate of service that includes (i) either a copy of the notice served

---

[33]     The City and the Noticing Agent intend to comply with the provisions of this Court's Administrative Order No. 05-22, which requires that all documents to be filed by a noticing agent or a claims agent be filed electronically by the debtor's counsel.

or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons on whom it was served (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(f)     process all proofs of claim received, including those received by the Clerk's Office, check such processing for accuracy and maintain the original proofs of claim in a secure area;

(g)     maintain the official claims register for the City (the "Claims Register") on behalf of the Clerk's Office and, on the request of the Clerk's Office, provide the Clerk's Office with certified, unofficial copies of the Claims Register and specify in the Claims Registers the following information for each claim docketed: (i) the unique claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.) and (vi) any disposition of the claim;

(h)     implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(i)     record all transfers of claims and provide any notices of such transfers that are required to be sent by the Clerk's Office by Bankruptcy Rule 3001(e);

(j)     relocate, by messenger or overnight delivery, all of the Court-filed proofs of claim to the offices of the Noticing Agent, not less than weekly;

(k)     following the Claims Bar Date and the docketing of any claims filed by the Claims Bar Date, at the request of the Clerk's Office, turn over to the Clerk's Office for review copies of the Claims Register;

(l)     monitor the Court's docket for all notices of appearance, address changes and claims-related pleadings and orders

filed and make necessary notations on and/or changes to the claims register;

(m) thirty days prior to the closing of this case, to the extent practicable, request that the City submit to the Court a proposed Order dismissing the Noticing Agent and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of this case;

(n) within seven days of notice to the Noticing Agent of entry of an order closing this case, provide to the Court the final version of the Claims Register as of the date immediately before the close of the case;

(o) provide such other related noticing and claims processing services as may be requested from time to time by the City of the Clerk's Office and agreed to by the Noticing Agent; and

(p) at the close of the case (i) deliver the Claims Register, claims and supporting documentation to the Clerk's Office in electronic format in accordance with the procedures set forth in this Court's Administrative Order No. 13-08, (ii) deliver all other original documents in the format and to the location provided by the Clerk's Office and (iii) retain and not destroy or deliver to the Clerk of the Court the Claims Register, claims and supporting documentation, unless and until specifically authorized to do so by order of the Court.

21. The Noticing Agent will make the Claims Register available to the public for examination without charge during regular business hours and may be made available on a case-specific website maintained by the Noticing Agent.

## Compensation

22.     The City intends to compensate and reimburse the Noticing
Agent for all services rendered and expenses incurred in connection with this
chapter 9 case in accordance with the terms of the agreement between the parties.
Pursuant to section 904 of the Bankruptcy Code, no further review or approval of
the Court is required.

## Conclusion and Reservation of Rights

23.     For the foregoing reasons, the City believes that authorizing the
Noticing Agent to provide the Noticing and Claims Services in this chapter 9 case
is appropriate and in the best interests of the City, its creditors and the Court.

24.     The City files this Motion without prejudice to or waiver of its
rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is
intended as or shall be deemed to constitute the City's consent pursuant section 904
of the Bankruptcy Code to this Court's interference with (a) any of the political or
governmental powers of the City, (b) any of the property or revenues of the City or
(c) the City's use or enjoyment of any income-producing property.

## Notice

25.     Notice of this Motion has been given to the following (or their
counsel if known):  (a) the trustees, transfer agents and/or paying agents, as
applicable, for the City's secured and unsecured bonds; (b) the City's largest

unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d);

(c) the unions representing certain of the City's employees and retirees; (d) the four

associations of which the City is aware representing certain retirees of the City;

(e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the insurers of

the certificates of participation issued with respect to the City's pension funds

(the "COPs"); (h) certain significant holders of the COPs; (i) the counterparties

under the swap contracts entered into in connection with the COPs (collectively,

the "Swaps"); and (j) the insurers of the Swaps.  In addition, a copy of the Motion

was served on the Office of the United States Trustee.  The City submits that no

other or further notice need be provided.

## No Prior Request

26.     No prior request for the relief sought in this Motion has been

made to this or any other Court.

WHEREFORE, the City respectfully requests that this Court:

(a) enter an order substantially in the form attached hereto as Exhibit 1, granting

the relief sought herein; and (b) grant such other and further relief to the City as the

Court may deem proper.

Dated: July 19, 2013              Respectfully submitted,

 /s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1                   Proposed Form of Order

Exhibit 2                   None  [Separate Notice of First Day Relief Proposed]

Exhibit 3                   None  [Brief Not Required]

Exhibit 4                   None  [Separate Certificate of Service To Be Filed]

Exhibit 5                   Declaration of Evan Gershbein

Exhibit 6                   None

# **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-----------------------------------------------------x
                                   :

In re                            : Chapter 9
                                   :

CITY OF DETROIT, MICHIGAN,      : Case No. 13-53846
                                   :

                   Debtor.         : Hon. _____
                                   :
                                   :
                                   :
-----------------------------------------------------x

## ORDER APPOINTING KURTZMAN CARSON
## CONSULTANTS, LLC AS CLAIMS AND NOTICING AGENT
## PURSUANT TO 28 U.S.C. § 156(c) AND BANKRUPTCY RULE 2002

This matter coming before the Court on the Motion of Debtor for

Entry of an Order Appointing Kurtzman Carson Consultants, LLC as Claims and

Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy

Code and Bankruptcy Rule 2002 (the "Motion"),[1] filed by the City of Detroit,

Michigan (the "City"); the Court having reviewed the Motion, the Declaration of

Evan Gershbein attached thereto as Exhibit 5 (the "Gershbein Declaration") and

the Declaration of Kevyn D. Orr filed contemporaneously therewith (the "Orr

Declaration") and having considered the statements of counsel and the evidence

adduced with respect to the Motion at a hearing before the Court (the "Hearing");

---

[1]       Capitalized terms not otherwise defined herein have the meanings given to
them in the Motion.

and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion, the Gershbein Declaration and the Orr Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002, the Noticing Agent is authorized to provide the Noticing and Claims Services, as set forth in the Motion.

3.      Nothing herein or in the Motion is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

4.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

## EXHIBIT 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-----------------------------------------------------x
                                    :
In re                               : Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          : Case No. 13-53846
                                    :
                Debtor.             : Hon. _____
                                    :
                                    :
                                    :
-----------------------------------------------------x
```

## DECLARATION OF EVAN GERSHBEIN

I, Evan Gershbein, being duly sworn, state the following under penalty of

perjury:

1.      I am the Senior Vice President of Corporate Restructuring Services of

Kurtzman Carson Consultants, LLC ("KCC"), with offices located at 2335 Alaska

Avenue, El Segundo, California 90245, telephone number (310) 823-9000.

The matters set forth herein are made of my own personal knowledge and, if called

and sworn as a witness, I could and would testify competently thereto.

2.      This Declaration is made in support of the Motion of Debtor for Entry

of an Order Appointing Kurtzman Carson Consultants, LLC as Claims and

Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002 (the "Motion").[1]

3.      KCC represents, among other things, the following:

    (a)      KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in this chapter 9 case;

    (b)      By accepting employment in this chapter 9 case, KCC waives any rights to receive compensation from the United States government as claims and noticing agent;

    (c)      In its capacity as the claims and noticing agent in this chapter 9 case, KCC will not be an agent of the United States and will not act on behalf of the United States;

    (d)      KCC will not employ any past or present employees of the City in connection with its work as the claims and noticing agent in this chapter 9 case;

    (e)      In its capacity as claims and noticing agent this chapter 9 case, KCC will not intentionally misrepresent any fact to any person;

    (f)      KCC shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers; and

    (g)      None of the services provided by KCC as claims and noticing agent shall be at the expense of the Clerk's Office.

4.      The City has many creditors, and accordingly, KCC may have rendered and may continue to render services to certain of these creditors in

---

[1]      Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

matters unrelated to these cases, either as vendors or in cases where KCC serves in a neutral capacity as a bankruptcy claims and noticing agent, as a class action settlement administrator or in a similar capacity. KCC has not and will not represent the separate interests of any such creditor in this chapter 9 case. To the best of my knowledge, neither KCC nor any of its professional personnel have any relationship with the City that would impair KCC's ability to serve as claims and noticing agent. KCC has working relationships with certain of the professionals retained by the City and other parties herein, but such relationships are completely unrelated to the City's case. In addition, KCC personnel may have relationships with some of the City's creditors. Such relationships are, however, of a personal, financial nature and are wholly unrelated to the City's chapter 9 case. KCC has and will continue to represent clients in matters unrelated to this chapter 9 case and has had and will continue to have relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to this chapter 9 case.

5. KCC is an indirect subsidiary of Computershare Limited. Computershare Limited is a financial services and technologies provider for the global securities industry. Within the Computershare corporate structure, KCC operates as a separate, segregated business unit. As such, any relationships that Computershare Limited and its affiliates maintain do not create an interest of KCC

that would be materially adverse to the City, its creditors or other parties in interest.

6.     To the best of my knowledge and except as disclosed herein, KCC neither holds nor represents any interest materially adverse to the City in connection with any matter on which it would be employed.

7.     KCC will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c) and comply with all orders of the Court, including the existing administrative orders pertaining to claims agents.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on July 19, 2013.

/s/ Evan Gershbein
Evan Gershbein
Senior Vice President of Corporate Restructuring Services
Kurtzman Carson Consultants LLC