# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-----------------------------------------------------x
                                        :
In re                                   : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
                            Debtor.     : Hon. Steven W. Rhodes
                                        :
                                        :
-----------------------------------------------------x
```

## MOTION OF DEBTOR, PURSUANT TO
## SECTION 105(a) OF THE BANKRUPTCY CODE, FOR
## ENTRY OF AN ORDER  CONFIRMING THE PROTECTIONS
## OF SECTIONS 362, 365 AND 922 OF THE BANKRUPTCY CODE

The City of Detroit, Michigan ("Detroit" or the "City"), as the debtor

in the above-captioned case, hereby moves the Court, pursuant to section 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an

order[1] confirming the application of (a) the automatic stay provisions of

sections 362 and 922 of the Bankruptcy Code (together, the "Chapter 9 Stay") and

(b) the anti-termination and anti-modification provisions of section 365 of the

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules").  Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1.  A summary identifying each included attachment by exhibit number is appended to this Motion.

Bankruptcy Code (together, the "Contract Protections"). In support of this Motion, the City respectfully represents as follows:

## Background

1. Incorporated in 1806, Detroit is the largest city in Michigan. As of December 2012, the City had a population of less than 685,000 (down from a peak population of nearly 2 million in 1950).

2. Over the past several decades, the City has experienced significant economic challenges that have negatively impacted employment, business conditions and quality of life. These challenges include, among other things, (a) a contraction of its historic manufacturing base, (b) a declining population, (c) high unemployment, (d) an erosion of the City's income and property tax bases, (e) a reduction in state revenue sharing and (f) a lack of adequate reinvestment in the City and its infrastructure.

3. As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities). Excluding the proceeds of debt issuances, the City has incurred large and unsustainable operating deficits for each of the past six years. As of June 30, 2013, the City's accumulated unrestricted general fund deficit

was approximately $237.0 million. Excluding the impact of a recent debt issuance, this represents an increase of approximately $47.4 million over fiscal year 2012.

4.     On February 19, 2013, a review team appointed by Rick Snyder, Governor of the State of Michigan (the "Governor"), pursuant to Public Act 72 of 1990, the Local Government Fiscal Responsibility Act, MCL § 141.1201, et seq. ("PA 72"), issued its report with respect to the City and its finances (the "Review Team Report"). The Review Team Report concluded that a local government financial emergency exists within the City.

5.     On March 14, 2013, in response to the Review Team Report and the declining financial condition of the City and at the request of the Governor, the Local Emergency Financial Assistance Loan Board of the State of Michigan appointed Kevyn D. Orr as emergency financial manager with respect to the City under PA 72, effective as of March 25, 2013.

6.     On March 28, 2013, upon the effectiveness of Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, *et seq*. ("PA 436"), Mr. Orr became, and continues to act as, emergency manager with respect to the City under PA 436 (in such capacity, the "Emergency Manager").

7.     Pursuant to PA 436, the Emergency Manager acts "for and in the place and stead of the governing body and the office of chief administrative officer" of the City.  MCL § 141.1549.  In addition, the Emergency Manager acts

exclusively on behalf of the City with respect to the filing of a case under chapter 9 of the Bankruptcy Code upon receiving authorization from the Governor. MCL § 141.1558.

8.      On July 18, 2013, the Governor issued his written decision (the "Authorization") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of the Bankruptcy Code. Thereafter, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order").  True and correct copies of the Approval Order and the Authorization are attached as Exhibit A to the Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 10), filed on July 18, 2013 (the "Petition Date").

9.      In accordance with the Authorization and the Approval Order, on the Petition Date, the City commenced a case under chapter 9 of the Bankruptcy Code.  Additional details regarding the City and the events leading to the commencement of this chapter 9 case are set forth in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 11) (the "Orr Declaration"), filed on the Petition Date.

## Jurisdiction

10.     The Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

## Relief Requested

11.     The City hereby seeks an order, pursuant to section 105(a) of

the Bankruptcy Code, confirming the application of two key protections afforded

to the City under the Bankruptcy Code:  specifically, the Chapter 9 Stay and the

Contract Protections.[2]  The City seeks this relief to:  (a) aid in the administration of

its bankruptcy case; (b) protect and preserve its property for the benefit of citizens

and stakeholders; and (c) ensure that the City is afforded the breathing space it

needs to focus on developing and negotiating a plan for adjusting its debts.

---

[2]     Contemporaneously with the filing of this Motion, the City has filed a
motion requesting that the Court extend the Chapter 9 Stay to proceedings or
actions asserted by parties in interest against certain state entities and
non-officer employees of the City, which actions would amount (and in
certain cases already have amounted) in practical effect to actions directly
against the City.

# Basis for Relief

## *The Chapter 9 Stay and the Contract Protections*

12.     Upon the commencement of a bankruptcy case, section 362 of the Bankruptcy Code provides for a stay of certain actions by non-debtor third parties.  Subject to certain enumerated exceptions, section 362 provides as follows:

> [A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate,[3] of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures

---

[3]     In chapter 9, "property of the estate" refers to property of the debtor.  See 11 U.S.C. § 902(1) ("'property of the estate,' when used in a section that is made applicable in a case under [chapter 9] by section 103(e) or 901 of this title, means property of the debtor").

a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a). This "automatic stay" is made applicable in a case under chapter 9 by section 901 of the Bankruptcy Code. See 11 U.S.C. § 901(a) (providing that section 362 of the Bankruptcy Code, among other provisions, applies in a case under chapter 9).

      13.    As the term "automatic stay" implies, the injunction contained in section 362 of the Bankruptcy Code is self-executing. This automatic statutory injunction constitutes a fundamental debtor protection that — in combination with other provisions of the Bankruptcy Code — provides a "breathing spell" essential to (a) the preservation of the debtor's property and (b) the debtor's ability to administer its bankruptcy case and restructuring efforts without undue distraction or interference. See, e.g., Lewis v. Negri Bossi USA, Inc. (In re Mathson Indus.,

Inc.), 423 B.R. 643, 647 (E.D. Mich. 2010) (stating that the purpose of the automatic stay is that "[i]t gives the debtor a breathing spell from his creditors [and] … permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy") (quoting S. Rep. No. 95-989, at 49, 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5835, 5840-41).

14.     The automatic stay is supplemented in chapter 9 by section 922(a) of the Bankruptcy Code, which provides as follows:

> A petition filed under this chapter operates as a stay, in addition to the stay provided by section 362 of this title, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor; and
>
> (2) the enforcement of a lien on or arising out of taxes or assessments owed to the debtor.

11 U.S.C. § 922(a). In a chapter 9 case, therefore, section 922 of the Bankruptcy Code extends the self-executing protections of section 362 of the Bankruptcy Code to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor.

15.     Section 365 of the Bankruptcy Code also is made applicable in chapter 9 pursuant to section 901(a) of the Bankruptcy Code. See 11 U.S.C.

§ 901(a) (specifically listing section 365 as applicable in chapter 9). Among other things, section 365 of the Bankruptcy Code prohibits all counterparties to executory contracts or unexpired leases with a debtor from modifying or terminating such contract or lease, or any right or obligation under such contract or lease, at any time after the commencement of the case, "solely because of a provision in such contract or lease that is conditioned on, [among other things,] (a) the insolvency or financial condition of the debtor at any time before the closing of the case, [or] (b) the commencement of a case under [the Bankruptcy Code.]" 11 U.S.C. § 365(e)(1).

16. The Contract Protections in section 365 also are self-executing and work hand-in-hand with the Chapter 9 Stay to protect the debtor's valuable property interests. To that end, the Chapter 9 Stay and the Contract Protections extend to protect a chapter 9 debtor's property and contracts wherever located and by whomever held. See, e.g., Underwood v. Hilliard (In re Rimsat, Ltd.), 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's in rem jurisdiction over property of the estate permits injunctions against foreign proceedings pursuant to the automatic stay); Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon), 153 F.3d 991, 996 (9th Cir. 1998) (bankruptcy court may protect estate property wherever located by issuing a discharge injunction under section 524 of the Bankruptcy Code). "Congress intended 'property of the estate' [i.e., property of

the debtor in chapter 9] to encompass 'all interests of a debtor, including a debtor's contract right to future, contingent property.'" Lewis v. Chappo (In re Chappo), 257 B.R. 852, 853 (E.D. Mich. 2001) (quoting Sharp v. Dery, 253 B.R. 204, 206 (E.D. Mich. 2000)).

17.     Consistent with the foregoing, absent court approval, any actions by third parties to modify or terminate contracts or enforce their terms against the City are prohibited as an interference with property of the debtor. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 532 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from … enforcing the contract terms" of an executory contract prior to assumption by the debtor); see also Hayes Lemmerz Int'l, Inc. v. Epilogics Grp., 531 F. Supp. 2d 789, 802 (E.D. Mich. 2007) ("Although during the Chapter 11 proceeding a prepetition executory contract remains in effect and enforceable against the nondebtor party to the contract, the contract is unenforceable against the debtor in possession unless and until the contract is assumed.") (citation omitted).

18.     Thus, the non-debtor counterparty to an executory contract or unexpired lease must continue to perform until it is assumed or rejected. Krafsur v. UOP (In re El Paso Refinery, L.P.), 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996) ("[T]he [Bankruptcy] Code places an independent duty on the non-debtor to

continue the performance of an executory contract until it is assumed or rejected…. Whether the debtor performs or not, the non-debtor must perform until assumption or rejection."); see also Interstate Gas Supply, Inc. v. Wheeling Pittsburgh Steel Corp. (In re Pittsburgh-Canfield Corp.), 283 B.R. 231, 238 (Bankr. N.D. Ohio 2002) ("Until an executory contract has been rejected, generally a non-debtor must continue to perform …. It follows that the non-debtor party cannot unilaterally elect to cease performance on an executory contract prior to its assumption or rejection.") (quotation marks and citation omitted).

### Request to Confirm the Existence and Effect of the Chapter 9 Stay and the Contract Protections

19. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 105(a) of the Bankruptcy Code, the City requests an order confirming the existence and effect of the Chapter 9 Stay and the Contract Protections.

20. Notwithstanding the self-executing and global nature of the Chapter 9 Stay and the Contract Protections, not all parties affected or potentially affected by the commencement of this chapter 9 case are aware of these provisions of the Bankruptcy Code. Even parties that generally are aware of the automatic stay and contract provisions of the Bankruptcy Code may not appreciate their full significance and impact or how these provisions apply in chapter 9. Historically,

05-74665-tjt   Doc     Filed 07/19/13   Entered 07/19/13 16:54:34   Page 11 of 39

chapter 9 has been a little-used chapter of the Bankruptcy Code, particularly when compared to chapter 7 and chapter 11. Even creditors with experience in other bankruptcies may have little familiarity with chapter 9 and how (or if) the stay and contract protections apply in chapter 9.

21.     Therefore, for the City to obtain the full benefit of the "breathing spell" afforded by bankruptcy, the City believes that it is necessary and appropriate to advise third parties of the existence and effect of the Chapter 9 Stay and Contract Protections through a separate court order. Such an order can be transmitted to affected parties to demonstrate the existence of the Chapter 9 Stay and the Contract Protections and their applicability in chapter 9. The City submits that this will promote prompt compliance with the Chapter 9 Stay and the Contract Protections, maximize the protections afforded by these provisions and minimize the need for future court intervention to address these issues.

22.     For these reasons, it is not uncommon at the outset of a bankruptcy case for the court to issue an order embodying and restating the provisions of sections 362, 365 and (in a chapter 9 case) 922 of the Bankruptcy Code. See, e.g., In re New York City Off-Track Betting Corp., No. 09-17121 (Bankr. S.D.N.Y. Dec. 9, 2009) (order confirming the existence and effect of the Chapter 9 Stay and Contract Protections in a chapter 9 case); In re Almatis B.V., No. 10-12308 (Bankr. S.D.N.Y. May 17, 2010) (same, in a chapter 11 case); In re

PLVTZ, Inc., No. 07-13532 (Bankr. S.D.N.Y. Nov. 9, 2007) (same, in a chapter 11 case).[4]

23.     The Emergency Manager.  As part of this relief, the City requests that the Court expressly confirm the application of the Chapter 9 Stay to actions against the Emergency Manager.  As noted above, section 922(a)(1) of the Bankruptcy Code stays actions against officers of the City (any such individual, a "City Officer") or inhabitants of the City that seek to enforce a claim against the City.  Section 922(a)(1) of the Bankruptcy Code was enacted, in part, to prohibit creditors from bringing or continuing mandamus or other actions against officers of a municipality in an effort to collect prepetition debts.  6 COLLIER ON BANKRUPTCY ¶ 922.02[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev.).  Because the position of Emergency Manager was created by virtue of a state statute, PA 436 (see MCL § 141.1549), the City believes that there could be confusion about the applicability of section 922 to the Emergency Manager.

24.     Although the Bankruptcy Code does not define the term "officer" protected by section 922(a)(1), a review of the Emergency Manager's role and the underlying authority demonstrates that actions against the Emergency Manager would be subject to the protections of the Chapter 9 Stay.  Pursuant to

---

[4]     Copies of these unreported orders are attached hereto collectively as Exhibit 6.

section 9(2) of PA 436, on appointment, the Emergency Manager assumed all powers of and acts "for and in the place and stead of" the Mayor (i.e., the chief executive officer of the City) and each of the members of the City Council (i.e., the City's governing body). MCL § 141.1549(2); see also MCL § 117.3(a) (providing that each city charter shall provide for, among other things, the election of a mayor, "who shall be the chief executive officer of the city"); Charter of the City of Detroit (the "City Charter") at § 3-107 ("The elective officers of the [C]ity are the Mayor, the nine (9) members comprising the City Council, the City Clerk and seven (7) elected Board of Police Commissioners."). Moreover, during the pendency of the Emergency Manager's appointment, "the governing body and the chief administrative officer of [the City] shall not exercise any of the powers of those offices except as may be specifically authorized in writing" by the Emergency Manager or as otherwise provided by PA 436. MCL § 141.1549(2).

25. The Emergency Manager thus has the powers of, and fulfills the roles of, the chief City Officers during his term. For the primary purpose of section 922(a)(1) of the Bankruptcy Code to be fulfilled and the Chapter 9 Stay to be effective with respect to the City, its protections must apply to the Emergency Manager. For the elimination of any doubt, the City requests that the Court enter

an order confirming that the protections of section 922(a)(1) of the Bankruptcy

Code apply to the Emergency Manager.[5]

        26.   <u>City Officers Serving in Any Capacity</u>.  In addition, the City

requests that the Court confirm the application of the Chapter 9 Stay to any action

or proceeding against a City Officer that seeks to enforce a claim against the City,

in whatever capacity the applicable City Officer is serving.  For example, some

City Officers may serve other roles on behalf of, or at the request of, the City

beyond the specific duties of their officer position.  Section 922 of the Bankruptcy

Code makes clear that the Chapter 9 Stay applies to actions and proceedings

against officers of a municipal debtor, without regard to the capacity in which the

officer is serving.  <u>See</u> 11 U.S.C. § 922(a) (providing in part that "[a] petition filed

under [chapter 9] operates as a stay … of (1) the commencement or continuation . .

. of a judicial, administrative or other action or proceeding against an officer … of

the debtor …."). 

---

[5]     If the Court disagrees that the Emergency Manager automatically is entitled
to the protections of the Chapter 9 Stay, the City requests that the Court
extend the Chapter 9 Stay to provide such protection pursuant to
section 105(a) of the Bankruptcy Code.  The policy considerations that favor
protecting the Mayor and City Council from lawsuits seeking to enforce
claims against the City apply equally to the Emergency Manager, as he is
acting in their stead.  Moreover, any judgment that might be entered against
the Emergency Manager in an action seeking to enforce a claim against the
City would, in practical effect, be identical to a judgment against the City
because the City currently acts through the Emergency Manager.

27.     Notwithstanding the clear mandate of section 922 of the Bankruptcy Code, the City anticipates that creditors or other parties in interest may attempt to circumvent the protections of the Chapter 9 Stay by asserting claims against City Officers acting in other capacities.  Accordingly, to effectuate the intent of section 922 of the Bankruptcy Code and minimize interference with the City's efforts to restructure its finances, the City requests that the Court's order confirming the existence and effect of the Chapter 9 Stay expressly confirm the application of the Chapter 9 Stay to the City Officers in whatever capacity they may serve.[6]

## Notice

28.     Notice of this Motion has been given to the following (or their counsel if known):  (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d);

---

[6]     If the Court disagrees that the City Officers are entitled to the protections of the Chapter 9 Stay in whatever capacity they serve, the City requests that the Court extend the Chapter 9 Stay to City Officers serving in other capacities. Exposing these City Officers to actions intended to enforce claims against the City notwithstanding the Chapter 9 Stay would permit creditors to circumvent the protections afforded to the City and the City Officers under the Bankruptcy Code.  Therefore, to effectuate the intent and purposes of section 922 of the Bankruptcy Code and minimize interference with the City's efforts to restructure its finances, the City submits that an order extending the Chapter 9 Stay to City Officers acting in other capacities is appropriate to the extent that the Chapter 9 Stay does not already apply.

(c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the insurers of the certificates of participation issued with respect to the City's pension funds (the "COPs"); (h) certain significant holders of the COPs; (i) the counterparties under the swap contracts entered into in connection with the COPs (collectively, the "Swaps"); and (j) the insurers of the Swaps. In addition, a copy of the Motion was served on the Office of the United States Trustee. The City submits that no other or further notice need be provided.

## Reservation of Rights

29.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## No Prior Request

30.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that this Court: (a) enter an order substantially in the form attached hereto as <u>Exhibit 1</u> granting the relief sought herein; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: July 19, 2013          Respectfully submitted,


                              /s/ David G. Heiman
                              David G. Heiman (OH 0038271)
                              Heather Lennox (OH 0059649)
                              JONES DAY
                              North Point
                              901 Lakeside Avenue
                              Cleveland, Ohio  44114
                              Telephone:  (216) 586-3939
                              Facsimile:  (216) 579-0212
                              dgheiman@jonesday.com
                              hlennox@jonesday.com

                              Bruce Bennett (CA 105430)
                              JONES DAY
                              555 South Flower Street
                              Fiftieth Floor
                              Los Angeles, California  90071
                              Telephone:  (213) 243-2382
                              Facsimile:  (213) 243-2539
                              bbennett@jonesday.com

                              Jonathan S. Green (MI P33140)
                              Stephen S. LaPlante (MI P48063)
                              MILLER, CANFIELD, PADDOCK AND
                                 STONE, P.L.C.
                              150 West Jefferson
                              Suite 2500
                              Detroit, Michigan  48226
                              Telephone:  (313) 963-6420
                              Facsimile:  (313) 496-7500
                              green@millercanfield.com
                              laplante@millercanfield.com

                              ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1          Proposed Form of Order

Exhibit 2          None  [Separate Notice of First Day Relief Proposed]

Exhibit 3          None  [Brief Not Required]

Exhibit 4          None  [Separate Certificate of Service To Be Filed]

Exhibit 5          None  [No Affidavits Filed Specific to This Motion]

Exhibit 6          Unreported Orders

## EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-------------------------------------------------x
                                         :
In re                                    : Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               : Case No. 13-53846
                                         :
                          Debtor.        : Hon. Steven W. Rhodes
                                         :
                                         :
-------------------------------------------------x
```

### ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE CONFIRMING THE PROTECTIONS OF SECTIONS 362, 365 AND 922 OF THE BANKRUPTCY CODE

This matter coming before the Court on the Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion and the Orr Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Hearing was sufficient under the circumstances, (d) among other things, the requested relief confirms the protections of sections 362, 365 and 922 of the Bankruptcy Code and (e) the Emergency Manager is an officer of the City as that term is used in section 922(a)(1) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion and the Orr Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:

> (a)      commencing or continuing any judicial, administrative or other proceeding against the City, including the issuance or employment of process, that was or could have been commenced before the City's chapter 9 case was commenced;
>
> (b)      recovering a claim against the City that arose before the commencement of its chapter 9 case;
>
> (c)      taking any action to obtain possession of property of or from the City;
>
> (d)      taking any action to create, perfect or enforce any lien against property of the City, to the extent that such lien secures a claim that arose before the commencement of the City's chapter 9 case;

(e)    taking any action to collect, assess or recover a claim against the City that arose before the commencement of its chapter 9 case; and

(f)    offsetting any debt owing to the City that arose before the commencement of its chapter 9 case against any claim against the City.

3.    All entities, including all persons and foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against or in any other way interfering with any and all property of the City, wherever located.

4.    Pursuant to section 922(a) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:

(a)    commencing or continuing a judicial, administrative, or other action or proceeding against an officer or inhabitant of the City, including the issuance or employment of process, that seeks to enforce a claim against the City; and

(b)    enforcing a lien on or arising out of taxes or assessments owed to the City.

5.    For the avoidance of doubt, the protections of section 922(a)(1) of the Bankruptcy Code with respect to officers and inhabitants of the City, as set

forth in paragraph 4(a) above, apply in all respects to: (a) the Emergency Manager; and (b) the City Officers, in whatever capacity each of them may serve.

6. Pursuant to section 365 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of the City's chapter 9 case solely because of a provision in such contract or lease that is conditioned on:

(a) the insolvency or financial condition of the City at any time before the closing of the City's chapter 9 case; or

(b) the commencement of the City's chapter 9 case.

7. Pursuant to sections 362 and 365 of the Bankruptcy Code, all parties to an executory contract or unexpired lease with the City shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the City or otherwise expires by its own terms.

8. Nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's

use or enjoyment of any income-producing property. In addition, for the avoidance of doubt, nothing herein shall, or shall be construed to, limit, modify or restrict any rights and protections afforded to the City under the Bankruptcy Code, including sections 362, 365 and 922 thereof.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

**EXHIBIT 6**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 9 |
| NEW YORK CITY OFF-TRACK BETTING CORPORATION, | Case No. 09-17121 (MG) |
| Debtor.[1] | |

## ORDER CONFIRMING THE PROTECTIONS OF SECTIONS 362, 922, 365 AND 904 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "**Motion**")[2] for an order (the "**Order**") to Confirm the Protections of Sections 362, 922, 365 and 904 of the Bankruptcy Code, filed by New York City Off-Track Betting Corporation ("**NYC OTB**"), the Court, finding that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, and having determined that the relief requested in the Motion is appropriate and in the best interest of the parties in interest in this case,

It is hereby **ORDERED THAT**:

1.    The Motion is GRANTED.

2.    NYC OTB is authorized, by virtue of the filing of its petition for relief under chapter 9 of the Bankruptcy Code, to be afforded the protections of, inter alia, sections 362, 922, 365 and 904 of the Bankruptcy Code.

---

[1] NYC OTB's address is 1501 Broadway, New York, NY 10036.  The Debtor's tax identification number is 13-2664509.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      In accordance with sections 362 and 922 of the Bankruptcy Code, and except as

otherwise provided in section 362 of the Bankruptcy Code, all entities (including individuals,

partnerships, corporations and foreign or domestic governmental units) and all those acting for or

on their behalf, including sheriffs, marshals, constables and other or similar law enforcement

officers and officials, are stayed, restrained and enjoined from:

(a)      commencing or continuing, including the issuance or employment of

process, any judicial, administrative or other action or proceeding against

NYC OTB or against an officer of NYC OTB that was or could have been

commenced before the commencement of the chapter 9 case or to recover

a claim against NYC OTB or an officer of NYC OTB that arose before the

commencement of the chapter 9 case;

(b)      the enforcement, against NYC OTB or against property of NYC OTB, of a

judgment obtained before the commencement of the chapter 9 case;

(c)      any act to obtain possession of property of or from NYC OTB or of

property from NYC OTB or to exercise control over property of NYC

OTB;

(d)      any act to create, perfect or enforce any lien against property of NYC

OTB;

(e)      any act to collect, assess or recover a claim against NYC OTB or against

an officer of NYC OTB that arose before the commencement of the

chapter 9 case; or

(f)      the setoff of any debt owing to NYC OTB that arose before the

commencement of the chapter 9 case against any claim against NYC OTB.

4.      In accordance with and to the extent provided in section 365 of the Bankruptcy

Code, all entities (including individuals, partnerships, corporations and foreign or domestic

governmental units), and all those acting for or on their behalf are hereby prohibited from

modifying or terminating any executory contract or unexpired lease of NYC OTB, or any right or

obligation under such contract or lease, at any time after the commencement of NYC OTB's

chapter 9 case solely because of a provision in such contract or lease that is conditioned on:

(a)      the insolvency or financial condition of NYC OTB at any time before the

closing of the chapter 9 case; or

(b)      the commencement of NYC OTB's chapter 9 case.

5.      In accordance with and to the extent provided in sections 362 and 365 of the

Bankruptcy Code, all parties to any executory contracts or unexpired leases with NYC OTB shall

continue to perform their obligations under such contracts or leases until such contracts or leases

are assumed or rejected by NYC OTB or otherwise expires by their own terms.

6.      In accordance with section 904 of the Bankruptcy Code, this Court is prohibited

from issuing any stay, order, or decree, in this chapter 9 case or otherwise that would interfere

with (a) any of the political or governmental powers of NYC OTB; (b) any of the property or

revenues of NYC OTB, or (c) NYC OTB's use or enjoyment of any income-producing property,

unless NYC OTB consents or the plan so provides.

7.      The terms of this Order shall be effective and enforceable immediately upon its

entry, NYC OTB is not subject to any stay in the implementation, enforcement or realization of

the relief granted in this Order, and NYC OTB may, in its discretion and without further delay,

take any action and perform any act authorized under this Order.

       8.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

       9.      Compliance with Local Rule 9013-1(b) in connection with the Motion is excused.

Dated:  New York, New York
         December 9, 2009

                        /s/ Martin Glenn
                        UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
IN RE:                                                       :        Chapter 11
                                                             :
ALMATIS B.V., *et al.*,                                      :        Case No. 10-12308 (MG)
                                                             :
       Debtors.                                              :        Jointly Administered
                                                             :
                                                             :
-------------------------------------------------------------x

### FINAL ORDER CONFIRMING THE PROTECTIONS OF
### SECTIONS 362 AND 365 OF THE BANKRUPTCY CODE AND
### <u>RESTRAINING ANY ACTION IN CONTRAVENTION THEREOF</u>

Upon consideration of the motion (the "***Motion***")[1] of Almatis B.V. and certain of

its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "***Debtors***" and each, a "***Debtor***"), for entry of a final order

confirming, enforcing, and restating the application of:  (a) the automatic stay; and (b) the

injunction preventing non-debtor counterparties to contracts with the Debtors from terminating

such contracts or leases; and upon the De Jong Declaration in support thereof; and the Court

having found that it has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and

1334; and the Court having found that jurisdiction and venue of this proceeding and the Motion

in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that

the relief requested in the Motion is in the best interests of Debtors' estates, their creditors, and

other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion

was appropriate under the particular circumstances; and the Court having reviewed the Motion

and having considered the statements in support of the relief requested therein at a hearing before

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court (the "*Hearing*"); and the Court having considered and overruled the *Limited Objection of Entergy to Debtors' Motion For Interim and Final Orders Confirming the Protections of Sections 362 and 365 of the Bankruptcy Code and Restraining Any Action In Contravention Thereof*, except to the extent provided herein; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation, and having overruled objections, if any, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.      The Motion is granted to the extent set forth herein on a final basis.

2.      All persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) are hereby stayed, restrained and enjoined, pursuant to section 362(a) of the Bankruptcy Code, from:

(a)     commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding (including, but not limited to, any bankruptcy, liquidation, suspension of payments, or any and all other similar proceedings in a foreign jurisdiction) against the Debtors that was or could have been commenced before the commencement of the Chapter 11 Cases (the "***Petition Date***"), or recovering a claim against the Debtors that arose before the Petition Date;

(b)     enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the Petition Date;

(c)     taking any action to obtain possession of property of the Debtors' estates or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their businesses, including, without limitation, attempts to interfere with deliveries or events or attempts to seize or reclaim any equipment, supplies, or other assets the Debtors use in their businesses;

(d)     taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

(e) taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the Petition Date;

(f) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the Petition Date;

(g) offsetting any debt owing to the Debtors that arose before the Petition Date against any claim against the Debtors; and

(h) commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b);

*provided, however* that exceptions to automatic stay as set forth in section 362 are treated as provided therein.

3.      Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the Petition Date due to a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of the Chapter 11 Cases; (b) commencement of the Chapter 11 Cases under the Bankruptcy Code; or (c) the appointment of a trustee in the Chapter 11 Cases; *provided*, *however*, that exceptions set forth in sections 362 and 365 are treated as provided therein.

4.      Except as otherwise provided in the Bankruptcy Code (including section 366 of the Bankruptcy Code), pursuant to sections 362 and 365 of the Bankruptcy Code, all parties to a contract or lease with one or more of the Debtors shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the Debtors or otherwise expires by its own terms.

5.      Nothing in this Order or the Motion shall constitute a rejection or assumption by

the Debtors, as debtors-in-possession, of any executory contract or unexpired lease.

6.      In accordance with the Bankruptcy Code, the Bankruptcy Rules, and applicable

law, upon request of a party in interest, and after notice and a hearing, the Court may grant relief

from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to

terminate, annul, modify, or condition the injunctive relief herein.

7.      The Debtors are hereby authorized to serve a copy of this entered Order upon

such creditors and other parties in interests as they deem necessary, desirable, or appropriate.

8.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

9.      To the extent that any affiliates of the Debtors subsequently commence chapter 11

cases that are jointly administered with the Chapter 11 Cases, the relief granted pursuant to this

Order shall apply to such debtors and their respective estates.

Dated: New York, New York
       May 17, 2010


                                        /s/Martin Glenn_____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                                :

In re                                       :

                                            :    Chapter 11

PLVTZ, Inc.,[1]                     :

                                            :    Case No. 07-13532 (REG)

                           Debtor.       :

                                                  :
---------------------------------------------------------x

## ORDER CONFIRMING THE PROTECTIONS OF
## SECTIONS 362 AND 525 OF THE BANKRUPTCY CODE

        This matter coming before the Court on the Motion of the Debtor for an Order

Confirming the Protections of Sections 362 and 525 of the Bankruptcy Code (the "Motion"),[2]

filed by the above-captioned debtor (the "Debtor"); the Court having reviewed the Motion and

the Affidavit of Kathleen M. Guinnessey filed in support of the Debtor's first day papers

(the "Affidavit") and having considered the statements of counsel and the evidence adduced with

respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found

that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding

pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the

circumstances and (e) in light of the circumstances, the requirement of Local Bankruptcy

Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is deemed

satisfied or otherwise waived; and the Court having determined that the legal and factual bases

---

[1]    The Debtor, PLVTZ, Inc. (Employer's Tax Identification No.: 56-2535090), is a Delaware corporation.
The address of the Debtor is 233 Broadway, 23rd Floor, New York, NY 10279.

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

set forth in the Motion and the Affidavit and at the Hearing establish just cause for the relief

granted herein;

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED.

2.        In accordance with section 362 of the Bankruptcy Code, and subject to

sections 362(b), 555 through 561 and 1110 of the Bankruptcy Code, all persons (including

individuals, partnerships and corporations, and all those acting for or on their behalf) and all

governmental units (including the United States of America and any State, Commonwealth,

District, Territory, municipality, department, agency or instrumentality of the United States, a

State, a Commonwealth, a District, a Territory, a municipality, a governmentally-owned utility

company, a foreign state or other foreign or domestic governments and all those acting for or on

their behalf) are stayed and restrained, pursuant to, and to the extent provided in, section 362(a)

of the Bankruptcy Code, from:

(a)        commencing or continuing, including the issuance or employment of

process, of a judicial, administrative or other action or proceeding against the Debtor, that was or

could have been commenced before the commencement of the Debtor's chapter 11 case, or

recovering a claim against the Debtor that arose before the commencement of this chapter 11

case;

(b)        enforcing, against the Debtor or against property of any of the Debtor's

estate, of a judgment obtained before the commencement of the Debtor's chapter 11 case;

(c)        taking any act to obtain possession of property of any of the Debtor's

estate or of property from any of the Debtor's estate or to exercise control over property of any of

the Debtor's estate;

   (d)  taking any act to create, perfect or enforce any lien against property of any

of the Debtor's estate;

   (e)  taking any act to create, perfect or enforce against property of the Debtor

any lien to the extent that such lien secures a claim that arose before the commencement of the

Debtor's chapter 11 case;

   (f)  taking any act to collect, assess or recover a claim against the Debtor that

arose before the commencement of the Debtor's chapter 11 case;

   (g)  the setoff of any debt owing to the Debtor which arose before the

commencement of the Debtor's chapter 11 case against any claims against such Debtor; and

   (h)  commencing or continuing a proceeding before the United States Tax

Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may

determine or concerning the tax liability of a debtor who is an individual for a taxable period

ending before the date of the order for relief under this title.

   3.  In accordance with section 525 of the Bankruptcy Code, no governmental

unit may deny, revoke, suspend or refuse to renew a license, permit, charter, franchise or other

similar grant to, condition such a grant to or discriminate with respect to such a grant against the

Debtor, or any other person or entity with whom the Debtor has been associated, solely because

the Debtor is, or has been, a debtor under the Bankruptcy Code or has been insolvent prior to or

during this chapter 11 case, or has not paid a debt that is dischargeable in the Debtor's chapter 11

case.

   4.  This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

     5.     The Debtor is hereby authorized to serve a copy of this entered Order

upon such creditors and other parties in interest as the Debtor, in its discretion, deems necessary

or appropriate.

Dated:  New York, New York
           **_November 9, 2007_**


                              **_S/ Robert E. Gerber_**
                              UNITED STATES BANKRUPTCY JUDGE